■ RODNEY J. WILLOUGHBY, Appellant, v KATHY WILLOUGHBY, Respondent.—In a proceeding pursuant to Family Court Act article 6 to modify an out-of-State judgment fixing custody, the petitioner father appeals from so much of an order of the Supreme Court, Suffolk County (Fierro, J.), entered April 7, 1987, as denied his application for a transfer of custody and granted the respondent mother's cross motion to dismiss the proceeding.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In 1979 the parties were divorced in Indiana and the respondent mother was awarded custody of their two daughters. Shortly thereafter, the petitioner father moved to New York. The mother and the children remained in Indiana. The father does not deny that he failed to make support payments as directed by the Indiana decree.

The father had no further contact with his daughters until sometime in 1985 when they began to communicate over the telephone. In the spring of 1986, the mother found herself without employment and decided to move to Florida with her two daughters. She reached an agreement with the father whereby the children would spend the summer in New York while she arranged for their relocation to Florida. On June 28, 1986, the mother and her daughters left Indiana and arrived in New York. The father concedes that the children were to remain in his custody only for "summer visitation". However, the mother experienced some financial difficulties and delays in getting the children enrolled in a Florida school. Accordingly, the parties agreed that the children would remain in New York until January 16, 1987, when the father would return them to Florida in order to start the new school semester.

The father enrolled the children in a Long Island school in late August 1986. On January 11, 1987, the mother telephoned the father to confirm her daughters' travel plans to Florida. The father informed her that he would not return the children. The following day he filed an order to show cause seeking temporary custody which was signed on January 15, 1987. The mother arrived in New York on January 16, 1987,

and returned to Florida with the two children before being served with the order awarding the father temporary custody.

Thereafter, the father commenced an "emergency" proceeding in Florida seeking enforcement of the New York order. He served the mother with the order on January 23, 1987, when she appeared for the hearing. After the hearing, the Florida court declined to accord the New York order full faith and credit, finding that the mother had been denied due process.

On February 20, 1987, the mother appeared and moved to dismiss the instant proceeding on the ground that the court lacked jurisdiction over her person.

Although the Supreme Court properly dismissed the proceeding, we affirm on different grounds. The instant proceeding was commenced at a time when New York had become the "home state" of the children and Indiana no longer had jurisdiction (Uniform Child Custody Jurisdiction Act, Domestic Relations Law § 75-d [1] [a] [i]; § 75-c [5]; Parental Kidnaping Prevention Act, 28 USC § 1738A; *see, e.g., People ex rel. Throneberg v Butcher,* 102 AD2d 693, 694; *Lansford v Lansford,* 96 AD2d 832).

Nonetheless, we conclude that New York is an inconvenient forum and that the father's admitted abuse of his interstate visitation privilege requires this State to decline to exercise its jurisdiction (Domestic Relations Law §§ 75-h, 75-i; *see also, Matter of Gloria S. v Richard B.,* 80 AD2d 72, 73).

The best interests of the children will not be served by conducting a custody proceeding in New York (Domestic Relations Law § 75-h [3]). Further, Florida is a "more appropriate forum" which may properly exercise jurisdiction in conformity with the Uniform Child Custody Jurisdiction Act and the Parental Kidnaping Prevention Act (Domestic Relations Law § 75-d [1] [d]; 28 USC § 1738A). Under the facts of this case, it is in the best interest of the children that Florida assume jurisdiction because the children and their mother have a significant connection with that State, and there is within that State substantial evidence concerning the children's present and future welfare.

Moreover, this court is cognizant of the strong policy consideration to "deter abductions and other unilateral removals of children undertaken to obtain custody awards" (Domestic Relations Law § 75-b [1] [e]; *see also,* Pub L 96-611, § 7 [c] [6]). Where, as here, the father has "without consent of the person entitled to custody * * * improperly retained the child after a visit or other temporary relinquishment of physical custody"

(Domestic Relations Law § 75-i [2]), an exercise of jurisdiction would only serve to "reward the father's undenied abuse of interstate visitation" *(People ex rel. Throneberg v Butcher, supra,* at 696). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.