■ FAYE ZEITLER, Appellant, v. MANUEL ZEITLER, Respondent.— Order unanimously reversed and motion granted, with costs. Memorandum: In this action for partition of real property it is admitted in the pleadings that the parties obtained title to it in 1954 as tenants by the entirety. In 1959 plaintiff left defendant and moved to California, taking the daughter of the parties with her and all of plaintiff's personal property. She left with defendant their crippled son and has not contributed to his support or the maintenance of the real property. In 1962 defendant went to Mexico and obtained an ex parte judgment of divorce against plaintiff, and promptly remarried. He has continued to pay the mortgage payments on the real property and has maintained it and developed it into " a good rental property ". Plaintiff moved for summary judgment of partition of this property and severance of the remaining allegations and issues of the action and continuance thereof for an accounting and determination of the respective rights of the parties in the proceeds of sale. Plaintiff appeals from the order denying this motion. It is well established that a foreign divorce decree obtained without personal jurisdiction over the nonconsenting spouse, is ineffective, in itself, to transform a tenancy by the entirety into a tenancy in common so that an action for partition may be maintained thereon (*Kraus* v. *Huelsman,* 29 A D 2d 738, affg. 52 Misc 2d 807). However, when a spouse goes to a foreign jurisdiction and obtains a divorce and remarries another woman, he is estopped to deny that the divorce has the same effect as a domestic divorce, and partition may then be had with respect to real estate owned by the spouses as tenants by the entirety prior to the divorce (*Knight* v. *Knight,* 31 A D 2d 267, 270–271, affd. on opinion at the Appellate Division 25 N Y 2d 957). Defendant's contention that such

rule of estoppel should not apply here because plaintiff left him three years before he obtained the divorce, is contrary to case holdings. Even had plaintiff remarried after she allegedly abandoned defendant, and there is no claim that she did, defendant's remarriage would have constituted an acceptance by him of such a severance of their former marital status as to destroy his right as a tenant by the entirety and to transform it to a right as a tenant in common (*Topilow* v. *Peltz,* 25 A D 2d 874), subject only to such right plaintiff had, if any, to claim a continuance of the tenancy by the entirety. Plaintiff's prior conduct is not decisive of this issue. Defendant's remarriage is; and so the order appealed from should be reversed. (Appeal from order of Monroe Special Term denying motion for summary judgment in partition action.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Simons, JJ.