■ CHRISTINE LANSFORD, Appellant, v JACKSON L. LANSFORD, Respondent. — In a divorce action, plaintiff appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated October 4, 1982, which dismissed her motion for *pendente lite* relief, and granted defendant's cross motion to dismiss the complaint. Order modified, by (1) deleting the provision dismissing plaintiff's motion for *pendente lite* relief, and reinstating that motion, and (2) granting defendant's cross motion only insofar as it dismissed plaintiff's causes of action for divorce and separation. As so modified, order affirmed, without costs or disbursements, and matter remitted to Special Term for further proceedings. Plaintiff wife and defendant husband, an army officer, were married on June 10, 1978, in Northport, New York. They lived for a short time in Indiana until the husband was assigned to a position in Germany. They then lived together in Germany for almost two and one-half years. A child was born in January, 1981, but difficulties in the marriage resulted in the wife leaving the husband in April of that year. The wife returned with the child to her parents' home in East Northport, New York, where she has remained until the present time.

The husband returned to the United States in December, 1981 and thereafter was permanently assigned to Fort Jackson in South Carolina. Although the husband's military career has caused him to travel, he claims to have always been a resident of South Carolina, where he was raised and where he entered the military. The wife claims to be a permanent resident of New York. The husband petitioned in South Carolina for a separation, a waiver of the wife's alimony, specific visitation rights, a determination of reasonable child support, and a division of assets. The wife was served on June 9, 1982 by certified mail, but did not respond. A hearing was held without the wife in Family Court in the Sixteenth Judicial Circuit in South Carolina on June 28, 1982, whereupon, on August 5, 1982, the court granted the husband's demand for relief. Among its findings, the court ruled that South Carolina was the last residence of the parties before their separation. In the meantime, on August 9, 1982, while visiting his daughter in New York, the husband was personally served with a summons and complaint in an action for divorce instituted by the wife in which she requested a permanent determination of the parties' economic and property rights and child custody and visitation rights. He was also served with a motion for *pendente lite* relief. The husband's attorney requested and received an adjournment of the motion on August 28, 1982, and on the same day served the wife, in New York, with a summons and amended petition for divorce brought in South Carolina. On or about August 29, 1982, the husband served an answer claiming as an affirmative defense that an action for divorce was pending in South Carolina. The wife did not answer the husband's amended petition in South Carolina and on August 20, 1982, the husband was granted a divorce on default. The findings of the South Carolina court incorporate the findings from its prior determination of August 5, 1982. The divorce decree determined child support, visitation rights, distribution of property and denied the wife alimony. The husband then cross-moved to dismiss the wife's complaint and her motion for *pendente lite* relief on the ground that the marriage already had been dissolved by the South Carolina decree. The wife's major claim in opposition to the cross motion was that she was never a resident of South Carolina and thus South Carolina lacked personal jurisdiction over her. Although the wife claimed that she only entered South Carolina a total of four times, for a few days each time, in order to visit the husband's family, and it is undisputed that she never actually lived in South Carolina, the husband claimed that South Carolina was nonetheless the wife's last residence before the separation because it was considered their home when they were overseas. This was evidenced by the joint State tax returns they filed in South Carolina. Based on a certified copy of the final decree of divorce from South Carolina, Special Term dismissed the wife's complaint and her motion for *pendente lite* relief. Although at one time a wife had to adopt the domicile of the husband, a husband may no longer assert an overriding control of the choice of a matrimonial domicile. Pursuant to sections 61 and 231 of the Domestic Relations Law a wife has the same capacity to acquire a domicile of her choice as does her husband. There is no legal barrier to a wife continuing her domicile after her marriage (*Geiser v Geiser*, 102 Misc 2d 862; *Small v Small*, 96 Misc 2d 469). It is undisputed that the wife lived in New York for her entire life until her marriage. After spending two years in Germany she returned to New York. She has New York bank accounts and a New York driver's license. Although the wife signed South Carolina joint State tax returns, she earned no income and the signings were merely a formality. The only times the wife was in South Carolina were for short visits. The evidence clearly shows that the wife did not establish a South Carolina residence. Although the South Carolina court found that the wife had established a residence there, this finding is entitled only to prima facie weight and is not conclusive (*Williams v North*

*Carolina,* 325 US 226; *Estin v Estin,* 334 US 541). The wife's conduct was sufficient to rebut the finding of the South Carolina court. Since the wife was never a resident of South Carolina, the South Carolina court had no personal jurisdiction over her. It is well established that when only one spouse is a bona fide resident of a State granting a divorce decree, the divorce is divisible. The decree must be given full faith and credit in all other States as far as termination of the marriage is concerned (*Williams v North Carolina,* 317 US 287; *Williams v North Carolina,* 325 US 226, *supra*). However, when the State has no personal jurisdiction over the other spouse, the decree insofar as it affects that spouse's economic or property rights, becomes ineffectual (*Vanderbilt v Vanderbilt,* 354 US 416; *Estin v Estin, supra*). Thus, in the case at bar, the decree of the South Carolina court should be given full faith and credit insofar as it terminated the marriage but the wife's economic and property rights should be determined in New York. The wife and the child had lived in New York together for at least six consecutive months before commencement of the divorce actions. Thus, under the Uniform Child Custody Act, New York is the "home state" of the child (Domestic Relations Law, § 75-c, subd 5). Since New York is the home State of the child, and it would be in the best interests of the child for a New York court to assume jurisdiction, because the child and wife have significant connections with the State and there is within the State substantial evidence concerning the child's present or future care, protection, training and personal relationships, New York has satisfied two jurisdictional predicates of the act (Domestic Relations Law, § 75-d, subd 1, pars [a], [b]). South Carolina, on the other hand, is totally lacking a jurisdictional predicate under the act, and its exercise of jurisdiction was not substantially in conformity with the act. Thus, New York being the more appropriate forum, should also decide the issues of custody and visitation rights (Domestic Relations Law, § 75-g, subd 1; see *Vanneck v Vanneck,* 49 NY2d 602). Gulotta, J. P., O'Connor, Weinstein and Bracken, JJ., concur.