OPINION OF THE COURT
Marilyn R. Friedenberg, J.
Plaintiff herein moves for a pretrial order determining the respective rights of the parties to separate and marital property following an ex parte foreign divorce (Domestic Relations Law § 236 [B] [5].
The parties herein were married on August 8, 1948. There are three emancipated issue of the marriage. The husband joined the Nassau County Police Department on May 6, 1949 and retired on August 14, 1970 selecting one of several pension options available to him. Defendant, on February 6, 1984, relocated to Florida and on February 25, 1985 instituted a *860 divorce action thereat. Service on the plaintiff herein was effectuated by publication. Meanwhile, and on March 14, 1985, plaintiff commenced a New York divorce action by personal service on defendant in Florida. A Florida judgment of divorce was awarded to defendant herein on April 10, 1985. No ancillary issues were addressed, nor was any ancillary relief awarded pursuant thereto. Thereafter, and on November 26, 1985, plaintiff herein commenced a proceeding for counsel fees, equitable distribution following foreign divorce and maintenance. Finally, during the pendency of the aforementioned New York equitable distribution proceeding, and on February 3, 1987, defendant died. Critical to the determination of this motion is a parcel of improved real property located in Center-each, New York, held by the parties as tenants by the entirety, and certain items of personal property, including possible pension and/or retirement benefits.
REAL PROPERTY
In the case of a tenancy by the entirety, the death of one of the spouses causes the interest of the surviving spouse to become absolute (Knight v Knight, 25 NY2d 957 [1969], affg opn below 31 AD2d 267 [2d Dept 1969]; Matter of Lyon, 233 NY 208 [1922]; Zorntlein v Bram, 100 NY 12 [1885]; Bertles v Nunan, 92 NY 152 [1883]; 9A Rohan, NY Civ Prac fl 6-2.1 [7] [f] [in]). However, when tenants by the entirety are divorced, their tenancy is ipso facto converted into a tenancy in common (Kahn v Kahn, 43 NY2d 203 [1977]; Kover v Kover, 29 NY2d 408 [1972]; Stelz v Shreck, 128 NY 263 [1891]; 9A Rohan, NY Civ Prac [j 6-2.1 [7] [h] [i]). It is clear that all survivorship rights are necessarily extinguished (Hendel v Hendel, 44 AD2d 532 [1st Dept 1974]). However, an exception exists when the parties were divorced by an ex parte foreign divorce decree.
Prior to Williams v North Carolina (325 US 226 [1945]), New York refused to give effect to foreign divorce decrees either as to marital status or property rights (Vanderbilt v Vanderbilt, 1 NY2d 342 [1956], affd 354 US 416). After the Williams case (supra) such decrees were accorded full faith and credit, but only insofar as the marital status had been adjudicated. Thus, the concept of divisible divorces was born, and it was held that foreign ex parte decrees did not affect economic incidents arising out of the marital relationship (Vanderbilt v Vanderbilt, supra; see, Estin v Estin, 334 US 541 *861 [1948]). Consequently, the courts in New York have held nearly uniformly that, absent conduct creating an estoppel, ex parte foreign divorce decrees do not affect ownership status of New York real property although such decrees may be valid for other purposes (Anello v Anello, 22 AD2d 694 [2d Dept 1964]; Kraus v Huelsman, 52 Misc 2d 807 [Sup Ct, Monroe County 1967], affd 29 AD2d 738 [4th Dept 1968]; Kolb v Kolb, 52 Misc 2d 313 [Sup Ct, Nassau County 1966]; Huber v Huber, 26 Misc 2d 539 [Sup Ct, Nassau County 1960]; see also, Kalman, Property and the Marital Home, § 26, at 47; but see, Garcia v Garcia, NYLJ, Feb. 22, 1973, at 20, col 7 [Sup Ct, Suffolk County, De Luca, J.]). There are situations where the subsequent acts of a defendant in a foreign divorce action in reliance of the foreign divorce judgment may cause him or her to be deemed to have accepted the divorce and the full consequences thereof as though personal jurisdiction had been obtained. Such acts, however, have usually been acts of finality such as remarriage. In such a case, the rule that a party may not be deprived of a property right by a foreign court lacking personal jurisdiction would not apply (Albin v Albin, 26 Misc 2d 383, affd 12 AD2d 933 [2d Dept 1961]; Topilow v Peltz, 43 Misc 2d 947, mod 25 AD2d 874 [2d Dept 1966]). The court here holds that plaintiff’s instituting the proceeding for equitable distribution following foreign divorce was not such an act as would constitute acting in reliance of the foreign divorce judgment. Not only could she have withdrawn said proceeding, but also, there is no right to equitable distribution until a decree awarding same is made (Lentz v Lentz, 117 Misc 2d 78 [Sup Ct, Suffolk County 1982], mod on other grounds 103 AD2d 822 [2d Dept 1984]). Accordingly, the court holds that plaintiff is now the sole owner of the Centereach, New York, real property by operation of law.
The court further holds that the above rule with respect to the effect of an ex parte divorce on New York real property has not been changed by the New York Equitable Distribution Law (Domestic Relations Law § 236). While it is true that the definition of marital property has been construed to embrace property held as tenants by the entirety (Kobylack v Kobylack, 96 AD2d 831 [2d Dept 1983], revd and remitted 62 NY2d 399 [1984], on remand 111 AD2d 221 [2d Dept 1985]; Jacoby v Jacoby, NYLJ, May 10, 1982, at 18, col 2 [Sup Ct, Queens County, Rodell, J.]), and while certain commentators have opined that subdivision (2) of part (B) of the Equitable Distribution Law (which in part provides that a matrimonial action *862 includes a "proceeding * * * to obtain maintenance or a distribution of marital property following a foreign judgment of divorce, commenced on [or] after the effective date of this part” [July 19, 1980]) is so broad as to permit postdivorce relief wherever that is constitutionally permissible, i.e., where the divorce was ex parte (3 Foster, Freed & Brandes, Law and the Family New York § 6:11, at 269; see also, Braunstein v Braunstein, 114 AD2d 46 [2d Dept 1985]; Scheinkman, Practice Commentary, McKinney’s Cons Law of NY, Book 14, Domestic Relations Law C236B:3, at 186-187), such language is not so broad as to bring the instant situation within the ambit of subdivision (2) of part (B) of the Equitable Distribution Law.
Nor did plaintiff prejudice herself by not appearing in the Florida action and contesting jurisdiction (see, e.g., Simons v Miami Beach First Natl. Bank, 381 US 81 [1965], reh denied 381 US 956 [1965] [loss of inchoate dower rights in husband’s Florida estate]; Rosenstiel v Rosenstiel, 368 F Supp 51 [SD NY 1973], affd 503 F2d 1397 [2d Cir 1974] [termination of intestate distribution rights pursuant to EPTL 5-1.2 (a) (1)]), since, by virtue of her being a tenant by the entirety with her deceased husband, upon his death, she succeeds by operation of law to sole title of the subject real property.
PERSONAL PROPERTY
Had defendant not died during the pendency of the New York proceedings, the court would have agreed with commentators Foster, Freed and Brandes that the ex parte Florida divorce decree would have triggered plaintiff’s rights to institute a proceeding for equitable distribution following foreign divorce (3 Foster, Freed & Brandes, Law and the Family New York § 611, at 269). Here, however, given the death of defendant, the right to equitable distribution of marital property abated at the death of one of the parties to the proceeding (Matter of Schwartz, 133 Misc 2d 1064 [Sur Ct, Nassau County 1986]). Accordingly, with regard to any claims she may have as to personal property, she is relegated to claims against the decedent’s estate.