■ HERBERT KENZER, Appellant, v JUNE F. KENZER, Also Known as RICKI KENZER, Respondent.—In an action for divorce and ancillary relief, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), entered October 7, 1986, as after a nonjury trial, dismissed the plaintiff's cause of action for a divorce.

Ordered that the appeal is dismissed, with costs.

After a nonjury trial, the Supreme Court dismissed the plaintiff husband's cause of action for a divorce premised on cruel and inhuman treatment (see, Domestic Relations Law § 170 [1]). The Supreme Court determined, inter alia, that the plaintiff's testimony concerning the alleged acts of cruelty committed by the defendant lacked credibility. The court further observed that even crediting the plaintiff's contentions, they constituted, at best, "transitory discord, lack of domestic harmony and perhaps some degree of incompatibility."

The plaintiff died on March 26, 1988, four days after his appeal was heard by this court.

It is well settled that the death of one party to a divorce action prior to a judicial determination dissolving the marriage causes the action to abate since the marital relationship between the parties no longer exists *(see, Cornell v Cornell,* 7 NY2d 164, *mot to amend remittitur granted* 7 NY2d 987; *Sperber v Schwartz,* 139 AD2d 640; *Davis v Davis,* 75 AD2d 861, *affd* 52 NY2d 850).

At bar, since the plaintiff died prior to a judicial determination dissolving his marriage, the action abated and the appeal must be dismissed. Bracken, J. P., Weinstein, Rubin and Kooper, JJ., concur.