OPINION OF THE COURT
Alfred J. Weiner, J.
Motion for reargument of this court’s orders dated March 16, 1989 is granted, and upon reargument, the court adheres to its original decisions, as it is this court’s opinion that the action has not abated.
The basis of this motion is defendant’s contention that this action abated upon the death of the plaintiff’s intestate.
Plaintiff’s intestate commenced this action for divorce, maintenance, equitable distribution and other relief. Subsequently, defendant husband obtained an ex parte Florida judgment of divorce in 1987, and moved for summary judgment dismissing plaintiff’s complaint in this action as to the claim for divorce, which motion was granted, and jurisdiction over ancillary issues was retained (Weiner, J., May 2, 1988). After summary judgment was granted on the claim for divorce, but before the trial on the ancillary issues could be held, the plaintiff’s intestate died. Defendant argues that this action abated upon the death of the wife, citing Radcliffe v Radcliffe (137 Misc 2d 859 [Sup Ct, Suffolk County 1987]). The court does not agree with and is not bound by the conclusion of the Radcliffe court that the action abates upon death after entry of the judgment of divorce.
Domestic Relations Law § 236 (B) (2) and (5) (a) provide, insofar as applicable, as follows:
"2. Matrimonial actions. Except as provided in subdivision five of this part, the provisions of this part shall be applicable * * * to proceedings to obtain maintenance or a distribution of marital property following a foreign judgment of divorce, commenced on and after the effective date of this part. * * *
"5. Disposition of property in certain matrimonial actions * * * [T]he court, in an action wherein all or part of the relief granted is divorce, or the dissolution, annulment or declara *476 tian of the nullity of a marriage, and in proceedings to obtain a distribution of marital property following a foreign judgment of divorce, shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment.”
It is, therefore, clear that an action for equitable distribution may be maintained after a foreign divorce decree is obtained. (See, e.g., Braunstein v Braunstein, 114 AD2d 46 [2d Dept 1985]; Mahoney v Mahoney, 131 AD2d 822 [2d Dept 1987].)
The laws of New York do not entitle each spouse to a present vested ownership in marital property during marriage, as in community property States. (Matter of Schwartz, 133 Misc 2d 1064.) The right to equitable distribution does not come into being during the marriage or at the commencement of the action, but accrues upon dissolution or termination of the marriage. (Domestic Relations Law § 236 [B] [5] [a].)
A matrimonial action will abate upon the death of one of the parties prior to entry of judgment of divorce, as the cause of action for divorce is personal, and upon death, the marriage is terminated. (Kenzer v Kenzer, 144 AD2d 439.) The rationale for the rule that the action abates upon the death of one of the parties prior to a judgment of divorce is that the marital relationship has been terminated by the death and no longer exists. (Sperher v Schwartz, 139 AD2d 640; Kenzer v Kenzer, 144 AD2d 439; 2 Carmody-Wait 2d, NY Prac § 11:26.) This rationale does not apply where the divorce has already been granted and the right to equitable distribution has vested. Furthermore, EPTL 11-3.1 provides, in part, that "Any action * * * may be maintained by and against a personal representative in all cases and in such manner as such action might have been maintained by or against his decedent.”
New York cases have held that the death of one of the parties during an appeal or postjudgment matters does not abate the action. See Joffe v Spector (27 AD2d 406) in which the wife’s appeal of the denial of an application for modification of spousal support did not abate upon the wife’s death. The court stated that "The effect of the law [Domestic Relations Law § 236, concerning modification of spousal support] is to write a reservation of jurisdiction into every matrimonial judgment. While the judgment terminates the relation of husband and wife (status) it does not put an end to the legal and economic incidents of the marriage” (supra, at 408-409) *477 and later stated that "[w]e are of the opinion that we have jurisdiction over the appeal, which deals not with status but with the incidental matter of support” (supra, at 410; see also, Wichlenski v Wichlenski, 67 AD2d 944).
Courts in numerous jurisdictions have held that, upon the death of one of the parties to a matrimonial action after entry of divorce judgment, the action did not abate and the court retained jurisdiction to hear and determine the question of property distribution. (Olen v Melia, 141 NJ Super 111, 357 A2d 310 [1976]; Pastuszek v Pastuszek, 346 Pa Super 416, 499 A2d 1069, 1072 [1985]; In re Marriage of Garlinsky, 99 Ill App 3d 107, 425 NE2d 22, 25 [1981]; Fischer v Seibel, 733 SW2d 469 [Mo App 1987]; Roeder v Roeder, 103 Wis 2d 411, 308 NW2d 904 [1981]; Husband, C.E.W v Wife, H.L.W., 410 A2d 1024 [Fam Ct, Del 1979]; In re Marriage of Davies, 95 Ill 2d 474, 448 NE2d 882 [1983]; Drumheller v Marcello, 516 Pa 428, 532 A2d 807 [1987].)
In Fischer v Seibel (supra) the Missouri Court of Appeals held that a dissolution action did not abate upon the death of the husband where the court had entered a partial decree dissolving the marriage, and the pending issues of maintenance and property division were decided. The court further stated that when property rights of the parties are involved, the parties are entitled to have that aspect of the case decided though one of the parties has died.
In In re Marriage of Davies (supra, 95 Ill 2d, at 481, 448 NE2d, at 886) the concurring opinion stated, in pertinent part, that the "rationale [of abatement of a divorce action] does not apply to property settlements * * * where a judgment of dissolution is entered * * * before the death [of one of the parties] occurs and all that remains * * * is to distribute the marital property. The subject matter of the action for distribution of the property is the property, not the parties to the marital relationship, and there remain two adverse claimants to the property, the surviving spouse and the estate of the deceased spouse. The death extinguishes nothing; it merely substitutes one adverse party (the estate) for another (the decedent). The property continues to exist, while the controversy concerning its ownership continues.”
In Drumheller v Marcello (supra, 532 A2d, at 812) the concurring opinion stated, in pertinent part, that "If marriage is to be treated as a partnership * * * equitable distribution of the couple’s marital property when one dies is no less *478 needed than equitable distribution of partnership property on the death of a partner.”
Accordingly, the court finds that plaintiffs action for ancillary relief has not abated.
Defendant further contends that the foreign divorce decree did not affect the ownership of the marital home as tenants by the entirety. The general rule is that the ex parte foreign divorce decree affects only status and not property rights of the spouses. (See, Anello v Anello, 22 AD2d 694 [2d Dept 1964].) However, when the defendant husband obtains a foreign divorce decree and then remarries, he is estopped from denying that the foreign divorce has the same effect on real property rights as a domestic divorce, as the remarriage constitutes an acceptance of the severance of the former marital status so as to destroy his right as a tenant by the entirety and to transform it to a right as tenant in common, subject only to such right as plaintiff wife had, if any, to claim continuance of the tenancy by the entirety. (Zeitler v Zeitler, 42 AD2d 1042 [4th Dept 1973]; Knight v Knight, 31 AD2d 267, affd 25 NY2d 957.) Here the husband remarried after obtaining the Florida divorce decree and is estopped from denying the effect of the divorce upon his right as tenant by the entirety, and such right was transformed to a right as tenant in common, absent any claim by the wife to continue the tenancy by the entirety.