OPINION OF THE COURT
Ralph Yachnin, J.
Ordered that this special proceeding brought by petitioner ex-husband (Husband), by order to show cause, dated August 3, 1990, and petition, for a judgment directing that equitable distribution of the parties’ marital property be made following the parties’ foreign divorce, and the cross motion, by respondent ex-wife (Wife), by notice of cross motion, dated August 22, 1990, for an order dismissing the petitioner’s order to show cause and petition, and if the application herein is not granted, giving the Wife leave to assert an answer to the petition, are both disposed of as follows:

*506
The Relevant Facts

The Husband and Wife were married to each other 39 years ago on March 26, 1951, in the State of New York. All the children are emancipated. The Husband obtained an ex parte judgment of divorce from the Wife in the State of Florida on July 16, 1990, on the ground that the "marriage is irretrievably broken”. It appears that no economic issues were resolved by the Florida court as part of the divorce. There is no issue as to the validity of the Florida divorce. The Wife was never a Florida resident and did not appear in the Florida divorce proceeding. She has not ratified the divorce by remarriage or otherwise. The Wife is a New York State resident. The Husband now comes before this court asking for equitable distribution of marital property.

The Parties’ Contentions

The Husband maintains that his proceeding is specifically authorized under section 236 (B) (2) and (5) (a) of the Domestic Relations Law.
Domestic Relations Law § 236 (B) (2), insofar as relevant here, states as follows: "the provisions of this part shall be applicable to * * * proceedings to obtain maintenance or a distribution of marital property following a foreign judgment of divorce, commenced on and after the effective date of this part.”
Domestic Relations Law § 236 (B) (5) provides, in pertinent part, as follows: "Disposition of property in certain matrimonial actions, a. Except where the parties have provided in an agreement for the disposition of their property pursuant to subdivision three of this part, the court, in an action wherein all or part of the relief granted is divorce, or the dissolution, annulment or declaration of the nullity of a marriage, and in proceedings to obtain a distribution of marital property following a foreign judgment of divorce, shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment.” (Emphasis supplied.)
The Wife maintains that: "Based upon [the facts, including the fact that I have done nothing to ratify the Florida divorce decree and do not intend to in the future], it is respectfully submitted that this Court does not have the jurisdiction to effect [sic] my property rights in the marital residence owned as tenants by the entirety or any personal property. It is *507 further submitted that to act otherwise would deprive me of property rights without due process under the New York State and United States Constitution.” The Wife contends that "the principle of divisible divorce precludes the [Husband] from requesting” equitable distribution in New York. A divorce has been considered to be "divisible” when a court in one State grants an ex parte divorce which cannot automatically affect the nonappearing spouse’s economic rights. They are left to be determined by the court of another State. (Radcliffe v Radcliffe, 137 Misc 2d 859 [Friedenberg, J.].)* "It is well established that when only one spouse is a bona fide resident of a State granting a divorce decree, the divorce is divisible. The decree must be given full faith and credit in all other States as far as termination of the marriage is concerned (Williams v North Carolina, 317 US 287; Williams v North Carolina, 325 US 226, supra). However, when the State has no personal jurisdiction over the other spouse, the decree insofar as it affects the spouse’s economic or property rights, becomes ineffectual (Vanderbilt v Vanderbilt, 354 US 416; Estin v Estin, supra). Thus, in the case at bar, the decree of the South Carolina court should be given full faith and credit insofar as it terminated the marriage but the wife’s economic and property rights should be determined in New York.” (Lansford v Lansford, 96 AD2d 832, 834 [2d Dept 1983].) In this case the Wife is maintaining that while the Husband had the right to obtain the foreign divorce, this court is without power, based on the divorce, to equitably distribute the parties’ marital property. In essence, she says the economic aspects of the parties’ "marital partnership” must be left in limbo — until she decides otherwise.

The Law and the Determination

The clear wording of the aforequoted sections of the Domestic Relations Law leaves no doubt that regardless of whether the parties were divorced in a foreign jurisdiction as a result of an ex parte divorce or a bilateral divorce, this court can adjudicate the rights of the parties in their marital property.
This court notes that it has found no New York case which specifically so holds, thereby making this court’s determination one of first impression. The cases cited by the Husband, *508 namely, Mahoney v Mahoney (131 AD2d 822 [2d Dept 1987]) and Braunstein v Braunstein (114 AD2d 46 [2d Dept 1985], lv dismissed 68 NY2d 753 [1986]), are not dispositive of the issue raised as both of these cases involved bilateral divorces — both parties appeared in the foreign jurisdiction. The present case involves an ex parte divorce. The Husband’s cases do stand for the proposition that an action for equitable distribution may be maintained after a bilateral foreign divorce decree is obtained.
The cases cited by the Wife are likewise inapplicable. They stand for the undisputed proposition that while the marital res may be affected by an ex parte foreign divorce, the economic (in personam) rights of the nonappearing spouse may not be affected. Such rights must be determined under New York law. (Lansford v Lansford, supra.)
It has been held that "[t]he right to equitable distribution does not come into being during the marriage or at the commencement of the action, but accrues upon dissolution or termination of the marriage.” (Peterson v Goldberg, supra, at 476.) Thus, once there is a divorce — and there is no question here that the parties are divorced, each party has a right to equitable distribution.
Clearly, a spouse can obtain an ex parte divorce but, absent equitable distribution, such divorce cannot automatically effect an elimination of the other spouse’s economic rights. For example, a husband and wife holding property as tenants by the entirety do not automatically become tenants in common in that property when one of them obtains an ex parte divorce. (Radcliffe v Radcliffe, supra, and cases cited therein.) To hold otherwise would be to alter the nonappearing spouse’s economic rights in a proceeding to which such spouse was not a party and had no obligation to become a party.
With the advent of the Equitable Distribution Law, the Legislature has spoken to this issue. Under the aforequoted sections of the act, it is beyond cavil that regardless of the kind of divorce obtained in a foreign jurisdiction, i.e., bilateral or ex parte, either party may bring a proceeding in this State to have the court equitably distribute marital property. To say otherwise would be to leave the parties in economic limbo and possibly deprive one party of property without due process of law — in this case the Husband. Neither spouse is prejudiced by the equitable distribution proceeding sought here by the Husband. Both spouses receive due process. There is no auto *509 matie confiscation of a spouse’s rights or property. Property which is owned as tenants by the entirety is not automatically converted into a tenancy in common. Inheritance rights are not lost but are considered in making an equitable distribution (Domestic Relations Law § 236 [B] [5] [d] [4]). All of these issues are considered in the equitable distribution process, and each spouse receives exactly what such spouse is entitled to— no more, no less.

Conclusion

The Husband asks for the entry of a judgment directing equitable distribution of the parties’ marital property following the Florida divorce. He is entitled to such judgment. What if anything he is entitled to by reason of same must be the subject of a trial. Disclosure may be necessary. The parties and their counsel are directed to appear before the court on January 8, 1991, at 10:00 a.m. for a conference. Counsel are directed to bring their office calendars to the conference, and counsel and the parties are to be prepared to schedule the completion of all pretrial discovery so that this case can be placed on the calendar for trial. Any proposals for settlement will be entertained at the conference as well. Any other issues which are of concern to counsel may also be raised at the conference. Counsel are directed to send to their adversary counsel any proposals for settlement, completion of discovery or areas of concern which may be raised at the conference. There shall be no adjournment of this conference without prior approval of the court.
The Wife may answer the petition within 15 days from the date upon which a copy of this order, with notice of entry thereon, is served on her counsel.

 In Radcliffe (supra) the court determined that the equitable distribution proceeding abated on the death of spouse, while in Peterson v Goldberg (146 Misc 2d 474 [1990]) the court held that it did not.