HAROLD J. PETERSON, as Administrator of the Estate of HAR-
RIET GOLDBERG, Deceased, Respondent, v JOEL GOLDBERG,
Appellant, et al., Defendants.

Second Department, June 8, 1992

APPEARANCES OF COUNSEL

*McCormack & Phillips (Ronald A. Phillips* of counsel), for appellant.

*Harold A. Seidenberg (Toni Bracconeri* of counsel), for respondent.

## OPINION OF THE COURT

MILLER, J.

The principal question to be decided on this appeal, one of first impression at the appellate level, is whether a cause of action asserted for equitable distribution abates upon the death of the party seeking such relief where an ex parte foreign divorce judgment has been granted prior to that party's death. For the reasons that follow, we hold that such a cause of action does not abate and hence, equitable distribution may be ordered.[1]

The facts underlying this appeal are not in dispute. Harriet Goldberg, the plaintiff's decedent, and the defendant Joel Goldberg, lived as husband and wife in Rockland County. There is a paucity of information contained in the record on appeal relevant to the dates of the pertinent occurrences. Nevertheless, the parties' marriage apparently deteriorated and the defendant husband left the New York house to take up residence in Florida.

In 1986 the wife commenced the instant action for a divorce and ancillary relief. In 1987, while in Florida, the husband procured an ex parte divorce judgment there, effectively terminating the parties' status as husband and wife. Thereafter, he remarried. It is uncontroverted that the Florida divorce judgment made no attempt to settle the ancillary property issues relevant to the termination of the marriage.

When the husband obtained the Florida divorce judgment, he moved in the Supreme Court, Rockland County, for summary judgment dismissing the wife's complaint. The court granted that motion to the extent of dismissing the cause of action for a divorce, but converted the action to one, *inter alia,* for equitable distribution following a foreign judgment of divorce pursuant to Domestic Relations Law § 236 (B) (2). Thereafter, the wife died.

---

1. We do not determine the different but related issue of whether the right to equitable distribution would abate upon death of a party where prior to death a divorce was granted but no action for equitable distribution had been commenced.

Following the death of his former wife and the substitution of her administrator as party plaintiff in the instant action, the defendant husband moved for reargument. He argued that the plaintiff possessed no meritorious cause of action for equitable distribution of former marital assets, contending that, upon his former wife's death, her share of the former marital residence vested in him by virtue of their tenancy by the entirety. He acknowledged that the Florida divorce judgment had terminated only the parties' status as husband and wife, and argued that a divisible divorce judgment did not affect their rights in the New York real property over which the Florida courts had no jurisdiction. Relying upon the then recently decided case of *Radcliffe v Radcliffe* (137 Misc 2d 859), the defendant husband reasoned that his former wife's claim to equitable distribution had abated upon her death, and thus her estate possessed no viable cause of action therefor. The Supreme Court rejected these contentions *(see, Peterson v Goldberg,* 146 Misc 2d 474) and the defendant husband now appeals. We affirm.

It is uncontroverted that the defendant husband became a domiciliary of the State of Florida, and obtained, ex parte, a Florida judgment of divorce. Clearly, the Florida judgment terminated the parties' status as husband and wife and that judgment must be accorded full faith and credit in the courts of New York *(see, Williams v North Carolina,* 317 US 287; *Elson v Elson,* 149 AD2d 141). It is equally well settled, however, that a valid ex parte foreign divorce terminates only the marital status of the parties. Such a divorce is "divisible" in that it has no effect upon the property held by the parties outside of the jurisdiction of the State issuing the judgment *(see, Vanderbilt v Vanderbilt,* 1 NY2d 342, *affd* 354 US 416; *Lansford v Lansford,* 96 AD2d 832, 834; *Burford v Burford,* 24 AD2d 491; *Anello v Anello,* 22 AD2d 694; *see generally,* Note, Divisible Divorce, 76 Harv L Rev 1233; *cf., Kindler v Kindler,* 60 AD2d 753, 754). Accordingly, to provide for the distribution of property not affected by a foreign judgment of divorce, Domestic Relations Law § 236 (B) (2) and (5) provide that a divorced spouse who possesses an interest in marital property within this State may commence an action for equitable distribution of property following entry of a foreign judgment of divorce *(see, Nikrooz v Nikrooz,* 167 AD2d 334; *Mahoney v Mahoney,* 131 AD2d 822; *Braunstein v Braunstein,* 114 AD2d 46; *Bennett v Bennett,* 103 AD2d 816; *cf., Elson v Elson, supra;*

*Mattwell v Mattwell,* 149 Misc 2d 505).[2] The instant action was thus properly converted to one for equitable distribution following the entry of the Florida judgment of divorce.

As noted, the husband claims that his former wife's cause of action for equitable distribution abated upon her death. We disagree. Rather, the Supreme Court correctly reasoned that unlike a cause of action for a divorce, which is personal to a party and which thus abates on that party's death, because death terminates the marital relationship *(see, Cornell v Cornell,* 7 NY2d 164, *mot to amend remittitur granted* 7 NY2d 987; *Kenzer v Kenzer,* 144 AD2d 439; *Davis v Davis,* 75 AD2d 861, *affd* 52 NY2d 850), a cause of action for equitable distribution "following a foreign judgment of divorce" vests upon the entry of the foreign judgment (Domestic Relations Law § 236 [B] [5] [a]) as it would upon entry of a divorce judgment in this State. Consequently, if a party dies in possession of a vested right to equitable distribution, and that right has been asserted during the party's lifetime in an action in a court of this State, that right survives the party's death and may be asserted by the estate.

There is no rule of law which compels a finding that a cause of action for equitable distribution following a foreign divorce judgment abates upon the death of a spouse entitled to equitable distribution. In support of his argument to the contrary, the husband relies upon *Matter of Schwartz* (133 Misc 2d 1064, *revd in part and affd in part sub nom. Sperber v Schwartz,* 139 AD2d 640). That case, however, is inapposite, as it merely stands for the general rule that where a party to a divorce action dies *prior* to the issuance of a judgment terminating the marriage, the right to equitable distribution abates. In that case, the wife died during the pendency of the divorce action, prior to the termination of the marriage. As the Surrogate aptly reasoned, the right to equitable distribution vests only upon divorce *(Matter of Schwartz,* 133 Misc 2d 1064, *supra).* This court agreed with that portion of the Surrogate's decision *(Sperber v Schwartz,* 139 AD2d 640, 642, *supra).*

In the instant case, however, a foreign judgment of divorce was rendered during both parties' lifetimes. Thus, the right to equitable distribution vested at that point. That right, which

---

2. The record on appeal does not contain a copy of the Florida judgment of divorce. No argument is advanced, however, contesting Florida's jurisdiction to terminate the parties' marriage. It further is uncontroverted that the Florida judgment made no attempt to determine ancillary issues such as maintenance or equitable distribution.

is distinct from a personal right to a divorce, is one which does not abate if it could have been asserted by a decedent during his or her postdivorce lifetime (EPTL 11-3.1).

The right of the estate to seek equitable distribution following a foreign judgment of divorce is analogous to an action for partition of former marital property following the death of an ex-spouse, such as that countenanced by the court in *Knight v Knight* (31 AD2d 267, *affd* 25 NY2d 957). In that pre-equitable distribution case, the children of the deceased wife were permitted to maintain an action for the partition of former marital property. The property, which had been owned by the spouses as tenants by the entirety, was converted into property owned by the spouses as tenants in common upon the husband's procurement of an ex parte foreign divorce and his remarriage in reliance thereupon which estopped him from contesting its validity. In *Knight*, the children of the deceased wife had a valid claim to the former marital property. While there is no indication in the *Knight* opinion that the issue of abatement was raised, it seems clear that the estate of a divorced spouse may maintain an action for equitable distribution of former marital property following a foreign judgment of divorce, just as the Knight children were permitted to seek partition of former marital property by virtue of their status as distributees of the estate of their intestate mother, whose marital status was similarly terminated during her lifetime by a valid ex parte foreign judgment of divorce.

This outcome is consistent with the rule of *Van Ness v Ransom* (215 NY 557) that a cause of action for accrued alimony survives the wife's death and may be maintained by her estate *(see also, Joffe v Spector,* 27 AD2d 406). The rationale underlying the rule that a cause of action for accrued alimony does not abate upon the death of the payee spouse[3] is that the right to alimony is one that arises during the payee spouse's life, to take the place of the right to spousal support that existed during the marriage *(Van Ness v Ransom, supra,* at 560). Equitable distribution, of course, lacks the presumption of dependency inherent in alimony, striving toward a more egalitarian goal: a winding up of the parties' economic relationship in a manner representative of the contributions each has made to the marriage *(see, Arvantides v Arvantides,* 64 NY2d 1033; *Ullah v Ullah,* 161 AD2d 699). However, in

---

**3.** Nor does such a cause of action abate upon the death of the payor spouse *(see Gordon v Gordon,* 110 AD2d 623).

both cases, the vested property right, be it for accrued alimony or equitable distribution, survives the death of the spouse seeking such relief.

Indeed, in this State it is well settled that marriages are considered to be economic partnerships, and, upon dissolution, the partnership assets are to be equitably distributed *(see, Dolan v Dolan,* 78 NY2d 463; *Price v Price,* 69 NY2d 8; *Zelnik v Zelnik,* 169 AD2d 317; *Elkus v Elkus,* 169 AD2d 134; *Sperling v Sperling,* 165 AD2d 338; *Ullah v Ullah,* 161 AD2d 699, *supra).* In distributing assets of conventional partnerships, there is no question that a partner's claims to his or her interest in partnership assets survive the partner's death and may be pursued by the partner's estate after death *(see,* 16 NY Jur 2d, Business Relationships, § 1420). Although the Partnership Law or a partnership agreement may control the specific distribution of the assets and surplus of a partnership dissolved upon the death of a partner *(see, e.g.,* Partnership Law § 51 [2] [d]; § 71 [f]; §§ 72, 73, 74), a partner's cause of action for distribution of any remaining proceeds of the partnership does not abate upon the death of the partner *(see, e.g., Cahill v Haff,* 248 NY 377; *Russell v McCall,* 141 NY 437; *Tarantino v Albert,* 160 AD2d 310; *Silberfeld v Swiss Bank Corp.,* 273 App Div 686, *affd* 298 NY 776; *Matter of Kalik,* 178 Misc 607). There is no compelling reason advanced by the husband why a different result should apply to equitable distribution of "marital partnership" property following the death of a spouse whose marriage was terminated by a foreign judgment of divorce, where an action for divorce has been commenced prior to the spouse's death.

Although the issue of abatement of a cause of action for equitable distribution following a divorce judgment is apparently one of first impression at the appellate level in this State, the courts of other jurisdictions have repeatedly held that abatement does not necessarily follow death. In *Olen v Melia* (141 NJ Super 111, 357 A2d 310) the Appellate Division of the Superior Court of New Jersey held that although the wife, who was a party to a pending action, died prior to the entry of a judgment of divorce, and thus the cause of action for divorce did abate, the equitable distribution claims possessed by the wife during her lifetime did not abate. Thus, her estate could seek distribution of marital property. Obviously this rule goes beyond that of New York. In this State we are constrained to hold that death prior to a judgment of divorce results in abatement of both the divorce and ancillary causes

of action *(see, Sperber v Schwartz,* 139 AD2d 640, *supra).* More closely on point is *Fischer v Seibel* (733 SW2d 469 [Mo App]) wherein the husband died while an appeal was pending from an order distributing the parties' property. Similarly to New York, Missouri had a general rule that death of a spouse prior to divorce caused the court to lose jurisdiction over any matrimonial claims. However, because a partial decree had previously been issued dissolving the marriage, and that partial decree was final under Missouri law, the court determined that its jurisdiction over ancillary financial issues had not abated. The Superior Court of Pennsylvania reached a similar conclusion in *Pastuszek v Pastuszek* (346 Pa Super 416, 499 A2d 1069) wherein the wife died after a judgment of divorce had been issued but before any judicial determination could be made as to issues of equitable distribution. The court held "where a decree in divorce is entered * * * and the court retains jurisdiction over ancillary matters previously raised by the parties, the death of one of the parties prior to determination of ancillary matters does not abate the action" *(Pastuszek v Pastuszek,* 346 Pa Super 416, 423, *supra,* 499 A2d 1069, 1072-1073, *supra).* This holding is on all fours with the Supreme Court's disposition of the matter at bar. That the judgment dissolving the marriage was issued in the State of Florida is of no consequence. The Supreme Court clearly had jurisdiction over equitable distribution pursuant to Domestic Relations Law § 236 (B) (2) and (5), which expressly confer upon the court the authority to distribute property equitably following a foreign judgment of divorce *(see also, Matter of Garlinski,* 99 Ill App 3d 107, 425 NE2d 22; *Verret v Verret,* 570 SW2d 138 [Tex App]; *Austin v Austin,* 553 SW2d 9 [Tex App]).

Moreover, even if the issue before us were not resolved by the survival of the cause of action for equitable distribution, the husband's contention that he owns the former marital residence as surviving tenant by the entirety upon the death of his former spouse must fail. The record reveals that the husband remarried in Florida in reliance upon the Florida divorce judgment that he obtained ex parte. It is well settled that one who remarries in reliance upon an ex parte judgment of divorce is estopped from contesting the effectiveness of the judgment *(see, Matter of Nicholson,* 180 AD2d 685; *Worthing v Cossar,* 93 AD2d 515; *Zeitler v Zeitler,* 42 AD2d 1042; *Knight v Knight,* 31 AD2d 267, *affd* 25 NY2d 957, *supra; Matter of Swales,* 60 App Div 599, *affd* 172 NY 651).

The rationale underlying this rule of judicial estoppel is that a party who invokes the jurisdiction of the courts to attain a specific result may not thereafter repudiate the position upon which he or she relied *(see, Starbuck v Starbuck,* 173 NY 503; *Kimco of N. Y. v Devon,* 163 AD2d 573; *Greenhouse Realty v St. George,* 151 AD2d 7; *Anonymous v Anonymous,* 137 AD2d 739, 741; *De Marco v De Marco,* 73 AD2d 28). In the instant case, the husband's procurement of an ex parte Florida divorce and remarriage were affirmative steps intended to sever all marital relations with his former wife. The husband may not be heard now to argue that the tenancy by the entirety which he enjoyed as an incident of the marriage to the former wife continues to exist notwithstanding his divorce and remarriage *(see, Zeitler v Zeitler, supra; Knight v Knight, supra; Topilow v Peltz,* 25 AD2d 874). As a result of his actions, the husband's interest in the former marital residence is now that of a tenant in common *(see, Kahn v Kahn,* 43 NY2d 203, 207; *Szabo v Szabo,* 71 AD2d 32; *Mattwell v Mattwell,* 149 Misc 2d 505, *supra; Malyszko v Malyszko,* 149 Misc 2d 6). However, as noted above, in this case, regardless of the form of title, since the marital residence was acquired during the course of the marriage, his interest therein is marital property subject to equitable distribution *(see,* Domestic Relations Law § 236 [B] [1] [c]; *O'Brien v O'Brien,* 66 NY2d 576; *Sperling v Sperling,* 165 AD2d 338, *supra; Smith v Smith,* 162 AD2d 346; *Davis v Davis,* 128 AD2d 470).

*Radcliffe v Radcliffe* (137 Misc 2d 859, 862, *supra),* upon which the husband relies, errs in concluding that the right to equitable distribution of property following a foreign judgment of divorce "abate[s] at the death of one of the parties to the proceeding". In *Radcliffe,* as in the instant case, the parties lived in New York and in both cases the husbands left their wives and established new residences in Florida. As in the instant case, the husband in *Radcliffe* procured an ex parte Florida judgment of divorce and the wife commenced an action for equitable distribution. The Supreme Court in *Radcliffe* correctly noted that the divorce judgment terminated only the parties' marital status and did not affect their property rights in the New York real property. Unlike the instant case, neither party remarried and the wife was not estopped from challenging the effectiveness of the ex parte divorce judgment. Arguably, their tenancy by the entirety remained undisturbed *(cf., Greenhouse Realty v St. George,* 151 AD2d 7, *supra).* Subsequent to obtaining the divorce, however, Mr.

Radcliffe died. In the wife's action to determine the parties' property rights following her husband's procurement of the foreign judgment of divorce, the court declared that any claim by the husband's estate to equitable distribution had abated, and thus the wife was held to be the sole owner of the former marital premises by operation of law, i.e., via the undisturbed tenancy by the entirety. As noted heretofore, we find the court erred in concluding that a party's right to equitable distribution abates upon his or her death, apparently misconstruing *Matter of Schwartz* (133 Misc 2d 1064, *revd in part and affd in part sub nom. Sperber v Schwartz,* 139 AD2d 640, *supra).*

In *Radcliffe (supra),* as in the case at bar, a foreign judgment of divorce had terminated the parties' marital relationship, while no such judgment had been rendered in *Schwartz (supra).* Indeed, in this court's memorandum decision in *Sperber v Schwartz (supra,* at 642) we noted: "It is well settled that where one party to a divorce action dies *prior to the rendering of a judicial determination which dissolves or terminates the marriage,* the action abates inasmuch as the marital relationship between the parties no longer exists *(see, Cornell v Cornell,* 7 NY2d 164, *mot to amend remittitur granted* 7 NY2d 987; *Davis v Davis,* 75 AD2d 861, *affd* 52 NY2d 850). In the present case, it is undisputed that the decedent died prior to a resolution of her action for a divorce, thus causing the action to abate and precluding the maintenance of her related statutory claim for equitable distribution". (Emphasis supplied.) As the foreign judgment terminated the marriage in *Radcliffe,* as in the case at bar, *Schwartz* does not stand for the proposition for which it was cited by the *Radcliffe* court. Rather, as has been demonstrated herein, a cause of action for equitable distribution following a foreign judgment of divorce does not abate upon the death of either spouse. To the extent that *Radcliffe v Radcliffe (supra)* holds to the contrary, we find it unpersuasive.

In conclusion, the husband's procurement of an ex parte judgment of divorce dissolved the parties' marital status. The wife's right to equitable distribution vested at the time of the entry of the foreign judgment of divorce. That right, which the wife asserted in her action for divorce and equitable distribution, did not abate upon her death. Accordingly, the Supreme

Court correctly denied the husband's motion to dismiss the cause of action for equitable distribution.

THOMPSON, J. P., EIBER and RITTER, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.