OPINION OF THE COURT
Barbara Howe, J.
Defendant has moved for an order determining that this matrimonial action abated upon the death of the plaintiff husband, and dismissing the claim of plaintiff’s estate[1] for equitable distribution of the parties’ property. A brief review of the history of this case is necessary before ruling on this motion.
I
This action was commenced by plaintiff in July 1984, and a trial on the issue of fault only was held in the late summer and fall, 1987. On February 4, 1988, this court (Sedita, J.) issued its decision granting plaintiff a divorce on the ground of cruel and inhuman treatment and directing a hearing "to dispose of the economic [issues].” On March 6, 1988, and before written judgment was granted, plaintiff died. Formal judgment was granted by Justice Sedita on April 13, 1988, "forever dissolving the marriage relationship heretofore existing between [the parties]” and ordering a hearing to determine the economic issues.
Defendant applied to this court in May 1988 for an order "directing that Plaintiff’s action has and hereby is abated/ terminated”. She argued that, since Domestic Relations Law § 236 (B) (5) (a) directs that equitable distribution be made "in the final judgment”, and since such issues had not been resolved when plaintiff died, the entire action had abated. As characterized by Justice Sedita when he denied the motion in his decision dated September 22, 1988, "the argument is that this divorce proceeding was never completed and therefore any judgment of divorce should be declared void.”
Citing Cornell v Cornell (7 NY2d 164) and Hinden v Hinden (119 AD2d 547), Justice Sedita held that the formal, written *387 judgment of divorce, which simply carried out his prior decision that such divorce be granted, was a mere ministerial act which could properly be accomplished even though plaintiff had died in the interim. Significantly, Justice Sedita then went on to note that
"It is common practice in matrimonial proceedings to bifurcate the determination of fault grounds and the economics issues. Although there is, of course, a relationship between the two areas, the nexus is not so strong that a failure to determine economic issues will negate a determination of the divorce itself.
"The obvious way to reconcile the enforcement of a judgment of divorce and the mandates of the Equitable Distribution Law is to allow the economics portion of the lawsuit to continue through a representative of the estate of the plaintiff.”
At the same time that defendant moved for postjudgment "abatement” relief in this court, she was also pursuing an appeal from the April 13, 1988 judgment. Her initial notice of appeal was held to be a nullity because it was filed before a legal representative of plaintiff’s estate had been substituted in this action. On February 14, 1989, such a legal representative was appointed, defendant filed a second notice of appeal on March 1, 1989, and, in November 1990, the Appellate Division, Fourth Judicial Department, affirmed this judgment of divorce (Agliata v Agliata, 167 AD2d 990).
The case then returned to this court for resolution of the equitable distribution issues, plaintiff’s estate now standing in his stead. And, as noted previously, defendant has again moved to declare this action abated or to dismiss the estate’s claim to equitable distribution. With no legally significant differences, the grounds advanced by defendant’s instant application are the same as raised in May 1988 before Justice Sedita.[2] What is different about defendant’s present motion is that she now cites two cases decided in 1991 by the Appellate Division, Third Judicial Department, which she contends support her argument that, under Domestic Relations Law § 236 (B) (5) (a), a judgment which purports to grant a divorce but *388 which does not decide equitable distribution issues is "nonbinding, nonfinal and without legal effect” (Garcia v Garcia, 178 AD2d 683; see also, Sullivan v Sullivan, 174 AD2d 862). This being so, and the right to divorce being personal, defendant concludes that this entire action must abate because all the essential issues were not resolved before plaintiff died.
II
Before turning to the merits of defendant’s motion, the estate’s procedural objections must be addressed. Essentially, the estate contends that Justice Sedita’s September 22, 1988 decision (and his subsequent order of Nov. 23, 1988) denying defendant’s prior "abatement” motion "constitute the law of this case. His Judgment has been affirmed without opinion. No Appeal was taken from [Justice] Sedita’s Order of the 22d day of November, 1988.”
The estate’s res judicata position is not well-taken. As defendant correctly points out, because her prior motion was made and decided before a legal representative for plaintiff’s estate was substituted in this action, that motion and decision were legal nullities, and any appeal therefrom would have been equally unavailing. (See, Wisdom v Wisdom, 111 AD2d 13; Silvagnoli v Consolidated Edison Employees Mut. Aid Socy., 112 AD2d 819.) So viewed, the present motion proceeds as if the earlier application had never been made or decided. Further, while defendant’s alternative argument — that the Appellate Division affirmance of the judgment also precludes consideration of the issues defendant now raises — is superficially appealing, I conclude that it is not dispositive because defendant is, in effect, questioning the jurisdiction of the courts to proceed with this action following plaintiff’s death. Such a challenge, whether or not ultimately successful, may not be so easily rejected. (See, eg., Lacks v Lacks, 41 NY2d 71.)
Turning, then, to the merits, the linchpin of defendant’s motion is that "where one party to a divorce action dies prior to the rendering of a judicial determination which dissolves or terminates the marriage, the action abates inasmuch as the marital relationship between the parties no longer exists”. (Sperber v Schwartz, 139 AD2d 640, 642.) This basic proposition is not in dispute. Defendant builds on the Sperber principle by adding the Garcia concept, noted earlier, that, unless equitable distribution issues have also been decided, a judg *389 ment which merely divorces the parties has no legal effect, and concludes that, since the equitable distribution issues here were not resolved in plaintiff’s lifetime, the entire action necessarily abated when plaintiff died.
In Peterson v Goldberg (180 AD2d 260, 263) the Appellate Division, Second Judicial Department, dealt with an issue analogous to the one raised here and held that "a cause of action for equitable distribution 'following a foreign judgment of divorce’ vests upon the entry of the foreign judgment (Domestic Relations Law § 236 [B] [5] [a]) as it would upon entry of a divorce judgment in this State. Consequently, if a party dies in possession of a vested right to equitable distribution, and that right has been asserted during the party’s lifetime in an action in a court in this State, that right survives the party’s death and may be asserted by the estate.” (Emphasis added.)
While the language of Peterson just quoted is helpful in deciding defendant’s present motion, I believe it is somewhat imprecise. Peterson suggests that the right to equitable distribution vests "upon entry of a divorce judgment” (supra [emphasis added]). However, when Peterson is considered with the decision of our Court of Appeals in Cornell v Cornell (7 NY2d 164, supra), I conclude that the cited Peterson language is unnecessarily broad and that the right to equitable distribution may, in a proper case, vest earlier.
Cornell concerned the question whether a judgment of divorce could be entered after a court had directed that such relief be granted but, subsequently, one of the parties died before the formal judgment was prepared and entered. In holding that judgment could be entered in such circumstances, the Court of Appeals stated: " ' "When a ruling has in fact been made but is improperly evidenced by a defective mandate, or by no mandate at all, an appropriate and suitable order or judgment which manifests the existence of a determination may subsequently be granted to take effect as of the date of such determination.” (Merrick v. Merrick, [266 NY 120, 122].)’ ” (Cornell v Cornell, supra, at 167.)
The Court then pointed out that:
"The basis for entry both of an interlocutory and final judgment of divorce is the decision of the court or the report of an Official Referee, and the entry of the judgment is the ministerial act of the clerk (Snell v. Snell, 177 Misc. 923), which is not altered by the circumstance that it is usually *390 signed by the Justice of the court by whom the decision was made. 'The signature of the judge simply relieved the clerk from the necessity of comparing the decision of the court with the proposed judgment furnished by the plaintiffs’ attorney, to see that they corresponded. It was no part of the judgment and was wholly superfluous. (Loeschick v. Addison, 3 Rob. 331.) The decision was the only authority for entering the judgment. The entry of judgment is the act of the clerk, and he might himself have prepared and entered it, or he could adopt the form prepared by the plaintiffs’ attorney.’ (Clapp v. Hawley, 97 N. Y. 610, 614-615.) The same thing applies to divorce actions (Civ. Prac. Act, § 1174; Snell v. Snell, supra).
"If the decision of the court granting this divorce be construed as providing for the entry of a separate final judgment * * * the failure to enter such a judgment was an omission to perform a ministerial act” (supra, at 168 [emphasis added]).
To make its point more clear, the Court went on finally to say: "The rule is, of course, that a suit for divorce abates at the death of either party, because the marriage relation sought to be dissolved no longer exists, and a judgment cannot thereafter be entered nunc pro tune unless the complainant was entitled to have had such judgment entered while both parties were living. After an analysis of such authority in the different States as exists on the question, the annotator (104 A. L. R. 664) concluded accurately that 'if the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to a divorce action, so that a decree was rendered or could or should have been rendered thereon immediately, but for some reason was not entered as such on the judgment record, the death of one of the parties to the action subsequently to the rendition thereof, but before it is in fact entered upon the record, does not prevent the entry of a decree nunc pro tune to take effect as of a time prior to the death of the party. ’ ” (Supra, at 169-170 [emphasis added].)
Based upon the principles set forth by our Court of Appeals in Cornell (supra), I conclude that the right to equitable distribution vests upon the determination of a court that a judgment of divorce is to be granted, and that actual entry vel non of a written judgment pursuant to such a determination, which is a purely ministerial act, is not essential to the vesting of that right.
This being so, it follows that the Garcia and Sullivan holdings relied upon by defendant are inapposite to her mo *391 tian, since neither deals with the question of when the right to equitable distribution vests. Moreover, to whatever other extent those cases might be deemed relevant, our Appellate Division has inferentially taken a different view of the validity of a bifurcated judgment in a divorce action which grants a divorce but leaves resolution of the equitable distribution issues for another day. The affirmance of the judgment in this case demonstrates as much. Finally, the concept of such a bifurcated judgment, dealing first with issues of "liability” and thereafter with issues of "damages”, is no stranger to our judicial system (see, e.g., CPLR 3212 [c], [e]).
Here, Justice Sedita’s decision issued February 4, 1988 directed that a judgment of divorce be granted in plaintiff’s favor. While formal entry of that judgment did not occur until after plaintiff had died, he was entitled to such judgment as of February 4, 1988. I conclude that plaintiff was also entitled to equitable distribution of the parties’ property as of February 4, 1988, and that, pursuant to Peterson v Goldberg (supra), his estate may properly proceed with that cause of action now.
Accordingly, defendant’s motion must be, and it hereby is, denied in all respects.

. Although plaintiff’s estate and its administrator have now been substituted as party plaintiff in this action, the deceased husband shall be referred to as plaintiff in this decision for the sake of convenience.

. While defendant claims the prior motion sought to "preclude entry of the Judgment”, whereas the present motion seeks to "bar Plaintiff’s Estate from prosecuting an equitable distribution action”, I find defendant’s distinctions to be mere semantics. The gravamen of the present and former motions is identical, no matter how styled.