■ In the Matter of ANNA M. DeFRANCE, Appellant, v FRANK DeFRANCE, Respondent. [710 NYS2d 612] —In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the person and property of the petitioner, Anna M. DeFrance, in which the petitioner moved, in effect, for a declaration that she was entitled to the proceeds from the sale of certain real property in Puerto Rico, the petitioner appeals from (1) a decision of the Supreme Court, Dutchess County (Pagones, J.), dated February 10, 1999, and (2) an order of the same court, dated March 25, 1999, which, in effect, denied her motion for summary judgment and granted the respondent's cross motion for summary judgment, and, *inter alia*, directed that the proceeds of the sale of the property be distributed equally between the petitioner and the respondent.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.

In 1993 the petitioner purchased certain real property in Puerto Rico without informing her husband, the respondent. The petitioner made the purchase with her own money and while she and the respondent were living apart. In 1998, shortly before the property was sold, the respondent became aware of the investment and thereafter demanded one-half of the sale proceeds. Neither party ever commenced a proceeding for separation or divorce.

The Supreme Court held that the law of the situs of the real property requires that the respondent should receive one-half of the sale proceeds. However, under the facts and circumstances of this case, Puerto Rican law does not mandate that the proceeds of the property sale at issue be evenly divided between the parties. Although the Commonwealth of Puerto Rico is a community property jurisdiction, pursuant to PR Laws Annot, title 31, § 3631 (1997), property acquired with funds belonging "exclusively" to one spouse is the separate property of that spouse (*see, In re Lang*, 191 Bankr 268, 272). Therefore, since the respondent has not disproved the petitioner's allegation that the real property was acquired with her own funds, the petitioner is entitled to the entire sale proceeds in accordance with Puerto Rican law.

Even if we were to apply the law of this State to the dispute, given that the parties were married here and have been New York domiciliaries for many years (*see, Matter of Critchon,* 20 NY2d 124, 133; *see also, Matter of Warner,* 167 Cal 686, 140 P 583), the result would be the same. The law of this State provides that during a marriage a spouse is entitled to acquire his or her own property (*see,* Domestic Relations Law § 50). Absent the commencement of a matrimonial action, the other spouse cannot insist that such property be equitably distributed (*see, Matter of Agliata,* 222 AD2d 1025; *Peterson v Goldberg,* 180 AD2d 260; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 50, at 229). Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.