OPINION OF THE COURT
James P. Dawson, J.
The parties were married July 26, 1986 and have one child. During the marriage, the defendant obtained a degree in radiological technology and now has a license to practice as a *94 radiological technician. The plaintiff is a correction officer and has a pension through his employer which is apparently the main asset in this marriage. The plaintiff commenced this divorce action on July 31, 1998. On or about May of 1998, the defendant filed for chapter 7 bankruptcy protection. She was granted a discharge by order of the Bankruptcy Court dated October 20,1998. When the defendant answered the complaint, she asserted as an affirmative defense that the filing of her bankruptcy acted as a defense to potential equitable distribution claims, relying on the following language in her bankruptcy papers where the plaintiff was listed as a creditor holding an unsecured nonpriority claim:
“Any claim against debtor herein for a ‘marital’ or ‘separate’ property settlement or for equitable distribution under the * * * Domestic Relations Law * * * including any claim that debtor must or shall hold Russell Seifried harmless from marital debts or pay for debts, in whole or in part, in name [st'c] of Russell J. Seifried and including any claim that debtor must repay any monies used during the marriage based upon any personal injury award.”
On this motion, plaintiff moves pursuant to CPLR 3211 (b) to dismiss the defense of bankruptcy as it implicates equitable distribution issues and alternatively moves pursuant to CPLR 3212 for summary judgment declaring the defendant’s equitable distribution obligation relating to her college degree, professional license, and an IRA to be support obligations that are not dischargeable in bankruptcy.
The defendant opposes the plaintiff’s motion and cross-moves for summary judgment on her affirmative defense of bankruptcy arguing that for plaintiff to have protected his equitable distribution rights in the face of her bankruptcy, plaintiff should have submitted a proof of claim or filed an objection to the discharge. The defendant also cross-moves to preclude plaintiff from presenting evidence pertaining to the value of her radiological license due to plaintiff failing to identify the proposed testimony and/or request information relative to the value of the license in the statement of proposed distribution. If the Court does not grant the preclusion sought, defendant alternatively moves in limine to preclude any expert testimony from plaintiff regarding the value of her license. Additionally, defendant seeks an extension of the trial date due to this bankruptcy issue of “first impression” and seeks additional time to research it.
*95 PlaintiiFs counsel opposes that portion of the cross motion which seeks to preclude expert testimony regarding the value of defendant’s license contending that the information needed to formulate an expert valuation has not yet been provided because defendant’s deposition testimony has not yet been transcribed. PlaintiiFs counsel also opposes the adjournment request.
The Court heard the arguments of counsel at Special Term on February 23, 2001 and reserved decision.
Discussion
Insofar as the motion and cross motion seek summary judgment, the parties are time barred from pursuing such relief. The latest date for making such a motion is 120 days from the date the note of issue is filed “except with leave of court on good cause shown.” (CPLR 3212 [a].) Here, neither party seeks such leave and neither presents good cause to be exempted from this time frame; indeed, neither party seems to notice that this rule exists. The note of issue was filed September 13, 2000, plaintiffs motion was made January 31, 2000, and the cross motion was made February 5, 2001. As such, those portions of the motion and cross motion which seek summary judgment are denied as untimely. All is not lost, however, since the plaintiff also moves for certain relief pursuant to CPLR 3211 (b), a provision not subject to the 120-day time frame.
The main issue presented here is whether a bankruptcy discharge granted to defendant during the pendency of this divorce action is a defense to the unadjudicated equitable distribution claims where defendant listed her spouse’s potential claim in equitable distribution as an unsecured nonpriority claim. The Supreme Court of this State is given exclusive jurisdiction to determine the nature and extent of property subject to equitable distribution in a matrimonial action while the Bankruptcy Court is given exclusive jurisdiction to adjudicate the impact of the equitable distribution entitlement on property subject to the claims of creditors of the bankruptcy estate. (Matter of Palmer, 78 Bankr 402, 406 [ED NY 1987]; Matter of Levine, 84 Bankr 22, 24 [SD NY 1988].) In other words, although the question of what is property of the bankruptcy estate is a Federal question, the creation and definition of property rights is reserved to State law. (Butner v United States, 440 US 48, 55 [1979]; In re Purpura, 170 Bankr 202, 208 [ED NY 1994]; In re Frederes, 141 Bankr 289, 291 [WD NY 1992]; In re Hilsen, 119 Bankr 435, 438 [SD NY 1990].) Equitable dis *96 tribution rights under New York law vest only upon the rendering of a judgment awarding distribution of marital property. (Domestic Relations Law §236 [B] [5].) There are no vested present or contingent property rights or interests, legal or equitable, in such property solely because it may be categorized as marital property. (Frederes, 141 Bankr at 291-292; Hilsen, 119 Bankr at 438; Palmer, 78 Bankr at 406; In re Hohenberg, 174 Bankr 487 [WD Tenn 1994]; see also In re Berlingeri, 246 Bankr 196 [D NJ 2000] [right to payment on equitable distribution claims arise on granting of divorce judgment, such claims arising after bankruptcy is filed do not constitute prepetition debts subject to discharge]; see, e.g., Sperber v Schwartz, 139 AD2d 640, 642 [2d Dept 1988] [equitable distribution claim precluded when action is abated due to spouse’s death during pendency of divorce action].)
Accordingly, since no determination of property rights in equitable distribution was rendered by a judgment in this divorce action when defendant filed her bankruptcy petition, the bankruptcy estate had no legal or equitable interest in such property. (Frederes, 141 Bankr at 292, 293.) Mrs. Seifried’s listing of her husband as a creditor holding an unsecured nonpriority claim in potential equitable distribution claims was, therefore, ineffectual and cannot serve as a defense to an equitable distribution determination. The plaintiff’s motion to dismiss the defendant’s affirmative defense of bankruptcy as meritless is granted.
As to the cross motion seeking to preclude plaintiffs claims to defendant’s license, as the Court indicated at Special Term, that request is denied in its entirety.
That portion of the cross motion which seeks an extension of the trial date has already been granted of necessity since trial was to have commenced on March 2, 2001. The Court shall reschedule the trial date upon a later discussion with counsel.
The additional, separate cross motion by defendant for leave to submit additional exhibits is unopposed and is granted.
Any relief not specifically granted is denied. No costs are awarded to any party.