ARLAND L. DARLING, Respondent, v. LYDIA M. DARLING and Others, as Executors, etc., of MARY V. DARLING, Deceased, and Others, Appellants.

Fourth Department, March 28, 1934.

*George A. King* [*James S. Drake, Jr.,* of counsel], for the appellants.

*Wilbur F. Knapp* [*James O. Sebring* of counsel], for the respondent.

THOMPSON, J.   During the pendency of an action for divorce brought by defendant executors' decedent against her husband, who is plaintiff in this action, the parties to the divorce action entered into a written agreement, by the terms of which the wife sold, assigned and transferred all her right, title and interest in and to the real and personal property of her husband, and one-half of all the furniture then in the home of the parties, and released him from all claims on her part for support and maintenance, alimony and counsel fees, past, present or future, in consideration of his giving her a mortgage upon all his real estate in the sum of $6,500, payable five years from the date of the contract, and the sum of $2,000 in cash, to be paid from the avails of a sale of certain securities then delivered to Aaron F. Williams, president of the First National Bank and Trust Company of Corning, for that purpose, the husband to make his note for the balance.

In pursuance of this agreement, and on the day the parties executed it, the wife made and delivered a deed of her interest in the real estate, and the husband made and delivered a bond and mortgage upon the terms above specified.   The deed and the mortgage were promptly recorded.

Shortly after the execution and carrying into effect of this agreement, decedent wife destroyed herself.   She left a last will and testament which was admitted to probate, and letters testamentary were issued to the defendant executors.   The husband then commenced an action to set aside the agreement, to declare the bond and mortgage null and void, and to have restored to him all the property he had transferred, in pursuance of the agreement, upon the ground that as a part of the written agreement, an oral agreement had been entered into by the parties to the effect that the

agreement, and the transfers made thereunder, should not become effective until the wife should have obtained and entered a final decree of divorce against him, and that her death rendered it impossible for her to complete it. This action was followed by one on the part of the executors to foreclose the mortgage given in pursuance of the agreement, and a proceeding in Surrogate's Court for the delivery of the securities in the possession of Williams, or payment of the proceeds of their sale to the petitioning executors, and a division of the household furniture, in pursuance of the terms of the agreement, in each of which plaintiff asserted the alleged oral agreement as a full defense. Upon motion the two actions and the proceeding were consolidated, and tried at Special Term as an equity action.

The court made findings of fact and conclusions of law in accordance with the prayer of the complaint in the first action, and denied relief to the executors as plaintiffs in the second action, and as petitioners in the proceeding. In this we think the court fell into error. The written agreement was complete in itself, and was substantially performed. Its obvious design was to carry into effect a property adjustment agreed upon by the husband and wife, to compensate the wife for, and release the husband from, his statutory duty to provide for her support. The early and unexpected death of the wife had no effect upon it. There was mutual and legal consideration. It was properly entered into and executed, and it covered the subjects upon which the minds of the parties were in accord. The contract was not a temporary or continuing agreement, nor was it made contingent upon the life of the wife. It was a present and entire transaction by which at once and forever the wife accepted a gross sum from the husband in extinguishment of her rights in his property and his legal obligation to support her.

The oral agreement upon which the judgment appealed from rests, if made, is illegal and void. Such a contract is a fraud upon the law, against public policy, and cannot be enforced by legal process. In actions brought to enforce the provisions of a contract of this sort, the general rule is that the parties should be left where the court finds them. Such contracts rest upon an illegal consideration which courts will not recognize or hesitate to condemn. In so far as it has been performed, the court will not order restitution, but it will interfere and prevent the arrangement being further consummated in case of a partial performance. (*Schley* v. *Andrews*, 225 N. Y. 110; *McDonald* v. *McDonald*, 228 App. Div. 341.) The written contract here in suit is not of this character, and effect should be given to it in accordance with its plain and ultimate

meaning. Moreover, its provisions having been carried out by the parties, there could be no condition precedent. Hence, even if this oral " understanding," so called, was ever entered into and was valid, it became a condition subsequent, and could not be shown to defeat the effective writing. (*Herrmann* v. *Jorgenson,* 263 N. Y. 348, 353; *Jamestown Business College Assn.* v. *Allen,* 172 id. 291; 2 Williston Cont. § 634, p. 1229.)

The judgment should be reversed, with costs, certain findings of fact should be reversed and new findings made, and the consolidated action should be severed; in action No. 1 the complaint should be dismissed, with costs; action No. 2 should be remitted to the Special Term for judgment of foreclosure and sale upon proper application, and in action No. 3 the matter should be remitted to the Surrogate's Court to proceed thereon, as indicated in the opinion.

All concur.

Judgment reversed, with costs. Certain findings of fact reversed and new findings made. Consolidated action severed; action No. 1, complaint dismissed, with costs; action No. 2, remitted to the Special Term to enter a judgment of foreclosure and sale upon proper application, and the proceeding called action No. 3 remitted to the Surrogate's Court for further proceedings as indicated in the opinion.