■ LUCILLE DALPE, Respondent, v PIERRE DALPE, Appellant. — Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered December 16, 1982 in Delaware County, which granted plaintiff's motion for summary judgment directing defendant to execute and deliver a quitclaim deed conveying his interest in the marital residence. Plaintiff and defendant were married in 1946 and lived together thereafter as husband and wife until their separation in the fall of 1980. They had five children, all of whom were then emancipated, except the youngest son who was 16 years of age. The parties entered into a separation agreement in November, 1980. One of the terms provided that defendant would deed his interest in the marital property to plaintiff. Upon his failure to do so, plaintiff commenced this action to compel defendant to execute the deed as promised. All other terms of the agreement were performed. Defendant asserted the affirmative defenses of duress and unconscionability. Plaintiff thereafter moved at Special Term for summary judgment which was granted. This appeal by defendant ensued. The order entered at Special Term granting plaintiff specific performance should be affirmed. Defendant's papers in opposition merely state conclusory allegations in support of his affirmative defenses and lack sufficient specificity to raise an issue of fact requiring a trial (*McGahee v Kennedy,* 48 NY2d 832). It appears that defendant executed the separation agreement in question freely, that the terms of the agreement are unambiguous, and that he had an opportunity to read it before signing it. He was well aware that plaintiff's attorney had prepared the contract and that her attorney represented only plaintiff's interest. Defendant has failed to establish that plaintiff was guilty of any overreaching or duress. Under such circumstances, Special Term properly declined to rescind the agreement as requested by defendant (*Goodison v Goodison,* 66 AD2d 923; see, also, *Christian v Christian,* 42 NY2d 63). Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.