■ KALMAN K. SPERBER, as Temporary Administrator of the Estate of MINDY S. SCHWARTZ, Deceased, Appellant-Respondent, v SAMUEL R. SCHWARTZ, Respondent-Appellant.—In a proceeding by the petitioner Kalman Kenneth Sperber, temporary administrator of the estate of the decedent Mindy Sue Schwartz, *inter alia,* to recover damages for the decedent's wrongful death and conscious pain and suffering, and to obtain equitable distribution of the marital property of the decedent and Samuel R. Schwartz, the decedent's former husband, the petitioner appeals, as limited by his notice of appeal and brief, from so much of an order of the Surrogate's

Court, Nassau County (Radigan, S.), dated December 10, 1986, as denied his cross motion for summary judgment on the first cause of action for equitable distribution of property, and Samuel R. Schwartz cross-appeals from so much of the same order as denied that branch of his motion which was for summary judgment or dismissal pursuant to CPLR 3211 (a) (7) of the petitioner's second cause of action for equitable distribution of property.

Ordered that the order is reversed insofar as cross-appealed from, on the law, by deleting the third decretal paragraph thereof and by substituting therefor a provision granting that branch of the motion which was for summary judgment dismissing the second cause of action of the verified petition; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

The record reveals that during the pendency of a divorce action brought by the decedent against Samuel R. Schwartz, the decedent was found murdered in the marital residence. The petitioner, the father of the decedent, secured appointment as the temporary administrator of her estate and thereafter commenced the instant proceeding with the approval of the Surrogate's Court, Nassau County. The first cause of action in the petition alleged that the decedent's estate was entitled to maintain an action for equitable distribution of the marital property owned by the decedent and Mr. Schwartz pursuant to Domestic Relations Law § 236 (B), notwithstanding the fact that the decedent had met her untimely death during the pretrial phase of her divorce action and no judgment dissolving the marriage had been entered. The second cause of action set forth in the petition alleged that Mr. Schwartz, through acts of omission, commission or negligence, had caused or contributed to the cause of the decedent's death, and that he should therefore be equitably estopped from asserting any defense to the claim for equitable distribution under the general doctrine that a wrongdoer should not be permitted to profit from his own misdeeds.

Mr. Schwartz subsequently moved to dismiss the complaint, contending, *inter alia,* that any claim for equitable distribution abated upon the death of the decedent and that the allegations of the petition failed to set forth a cause of action regarding his alleged conscious and intentional involvement in

the homicide. The petitioner cross-moved for summary judgment on the first cause of action for equitable distribution.

The Surrogate's Court, Nassau County, dismissed the first cause of action, reasoning that the right to equitable distribution abates upon the death of one of the parties to the divorce action. However, the court further held that the above rule is inapplicable where it is alleged that one spouse has caused the death of the other, and it therefore denied Mr. Schwartz's motion to dismiss with respect to the second cause of action and ordered a hearing on the issue of the alleged culpability of Mr. Schwartz in this regard (see, Matter of Schwartz, 133 Misc 2d 1064).

Initially, we find that the first cause of action for equitable distribution was properly dismissed. Domestic Relations Law § 236 (B) (5) (a) provides in relevant part that in certain matrimonial actions, the court "shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment" (emphasis supplied). It is well settled that where one party to a divorce action dies prior to the rendering of a judicial determination which dissolves or terminates the marriage, the action abates inasmuch as the marital relationship between the parties no longer exists (see, Cornell v Cornell, 7 NY2d 164, mot to amend remittitur granted 7 NY2d 987; Davis v Davis, 75 AD2d 861, affd 52 NY2d 850). In the present case, it is undisputed that the decedent died prior to a resolution of her action for a divorce, thus causing the action to abate and precluding the maintenance of her related statutory claim for equitable distribution. We find unpersuasive the petitioner's contention that the equitable distribution claim may be maintained by the decedent's estate regardless of the abatement of the underlying divorce action, as Domestic Relations Law § 236 (B) contains no provision to that effect, and it is a basic rule of statutory construction that the Legislature's failure to include a specific matter within a particular statute may be interpreted as an indication that its exclusion was intended (see, McKinney's Cons Laws of NY, Book 1, Statutes § 74; Pajak v Pajak, 56 NY2d 394).

Without deciding the issue of whether a decedent's estate may pursue an equitable distribution claim against a surviving spouse where it is proven that the surviving spouse has intentionally brought about the death of the decedent, we conclude, under the circumstances of this case, that the second cause of action also should have been dismissed. The gravamen of this cause of action is that Mr. Schwartz,

through direct or indirect means, consciously and intentionally brought about the instant decedent's death and should not be permitted to shield himself from an equitable distribution of marital property thereby. However, the petition and the various affidavits submitted by the petitioner failed to set forth any material factual allegations to substantiate this claim. Rather, they merely alleged in vague and conclusory fashion that law enforcement authorities had not ruled out Mr. Schwartz as a suspect in the decedent's murder, thereby implying that he may have committed or aided in the commission of the homicide. Because these allegations were supported by nothing more than speculation and conjecture, they were insufficient to warrant a trial on the issue. Similarly, the petitioner's allegations that the respondent negligently failed to provide proper security measures for the protection of the decedent and that he entrusted keys to the marital residence to third parties, even if proved to be true, would not rise to the level of a conscious and intentional participation in the homicide. Hence, summary judgment dismissing the second cause of action for equitable distribution is appropriate. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.