■ CARETHA C. PASSMORE, as Executrix of JAMES R. CRIM, Deceased, Appellant, v MIRIAM KING, as Administratrix of the Estate of VIVIAN M. CRIM, Deceased, Respondent.—In an action purportedly to recover damages for breach of contract, but which is in actuality to effectuate equitable distribution of marital property, the plaintiff, Caretha Crim Passmore, as executrix of the estate of James R. Crim, appeals from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated May 14, 1990, which, *inter alia,* granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that on the court's own motion, Miriam King, as administratrix of the estate of Vivian M. Crim, is substituted as the party defendant, and the caption is amended accordingly; and it is further,

Ordered that the order is affirmed, with costs.

During their pending divorce action, James R. Crim and Vivian M. Crim executed a written agreement in order to settle their respective financial property rights and all other matters arising out of their marriage. The agreement dated March 24, 1986, provided that "as and for Equitable Distribution" the wife would pay the husband $18,000 in 36 equal monthly installments of $500 each, for which the husband agreed to convey his interest in the marital premises by bargain and sale deed upon the payment to him of the additional sum of approximately $40,000 pursuant to a contract of sale of the marital premises. The contract of sale set the closing date for May 29, 1986. On April 2, 1986, prior to the closing and entry of a judgment of divorce, the husband died. The plaintiff, as executrix of the husband's estate, commenced the instant action to recover the $58,000 due and owing.

Contrary to the plaintiff's contention, the Supreme Court did not err in granting the defendant's motion to dismiss the complaint. The agreement dated March 24, 1986, clearly and unambiguously establishes that the parties intended that the payments by the wife and the transfer of the husband's interest in the premises to be an equitable distribution of the marital property *(see generally, Slatt v Slatt,* 64 NY2d 966). Accordingly, the action is properly characterized not as one to recover damages for breach of contract, but to effectuate equitable distribution. Thus, it follows that the husband's death abated the marital action and extinguished any right of equitable distribution *(see, Sperber v Schwartz,* 139 AD2d 640, 642).

The plaintiff further contends that the language conveying the husband's interest in the marital premises to the wife, together with the execution of a contract of sale, meets the requirements of General Obligations Law § 3-309 for the conveyance of property between spouses. Accordingly, the plaintiff asserts that the deceased husband performed his obligations under the marital agreement and contract, and is entitled to the benefit of his bargain, which by its terms inures to his estate. We disagree. At the time of the deceased husband's death, there was no conveyance of the marital premises, as the closing had not yet occurred, and there had been no judicial decree of separation, annulment, or divorce terminating the marriage. Nor was the agreement dated March 24, 1986, an instrument of "partition or division of any real property" under General Obligations Law § 3-309 *(see, Matter of Violi,* 65 NY2d 392, 395).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Harwood and Rosenblatt, JJ., concur.

Ritter, J., dissents, and votes to reverse the order appealed from, to deny the defendant's cross motion, and to grant the plaintiff's motion to dismiss the affirmative defenses and counterclaim asserted in the defendant's answer, with the following memorandum: In my view, the settlement agreement at bar was a binding and enforceable contract giving rise to vested property rights that accrued to the plaintiff's decedent, James R. Crim, prior to his death. Stipulations of settlement meet with judicial favor, and where, as here, there is no evidence of fraud, mistake, duress, or overreaching, the agreement should not be disturbed *(see, Schieck v Schieck,* 138 AD2d 691).

The question of whether the parties intended to enter into

an agreement that was binding on their respective estates is decided by resort to the usual rules of contract interpretation. Here, it is clear from the unequivocal language used in the instrument that the parties intended for the settlement agreement to exist as a separate enforceable contract, unaffected by any subsequent divorce, and it was to be binding on their respective estates *(see, Rainbow v Swisher,* 72 NY2d 106, 109).

The agreement at bar is therefore binding as to the economic issues it addresses *(see, Garguilio v Garguilio,* 168 AD2d 666). It was enforceable in the same manner as any other contract during the plaintiff's decedent's lifetime *(see, Matter of Gould v Hannan,* 44 NY2d 932; *Bock v Bock,* 121 AD2d 672), and the plaintiff estate is entitled to recover under the contract *(see,* EPTL 11-3.1; *cf., Darling v Darling,* 241 App Div 57, 59, *affd* 265 NY 650).

*Sperber v Schwartz* (139 AD2d 640), cited by the majority, is inapposite to the facts in this case. In *Sperber,* the wife's ancillary claim for equitable distribution abated together with her claim for divorce when she died prior to a resolution of those issues. Here by contrast, the issue of equitable distribution was resolved by the parties prior to the husband's death. The property rights asserted vested when the property settlement was consummated *(cf., Peterson v Goldberg,* 180 AD2d 260). In short, the husband's estate is simply seeking to enforce the terms of a valid contract—it is not asking the court to make a determination as to equitable distribution of the parties' marital property, since they have already done so on their own.

The language used in the instrument also makes it clear that the parties intended to terminate their tenancy by the entirety and effectuate a full and complete conveyance of the marital premises so as to satisfy the requirements of General Obligations Law § 3-309 *(cf., Matter of Violi,* 65 NY2d 392).

Under the circumstances, I conclude that the Supreme Court erroneously granted the defendant's cross motion to dismiss the complaint. Additionally, I find the remaining affirmative defenses and the counterclaim asserted in the answer to be patently without merit. Accordingly, I would reverse the order appealed, and deny the defendant's cross motion for summary judgment, and further, I would grant the plaintiff's motion to dismiss the affirmative defenses and counterclaim asserted in the defendant's answer.