[653 NYS2d 386]

HELEN M. BROWER, as Personal Representative of the Estate of THOMAS C. BROWER, JR., Deceased, Respondent, v LOUISE BROWER, Appellant.

Third Department, January 16, 1997

## APPEARANCES OF COUNSEL

*Esterman & Esterman, P. C.,* New York City *(Michael J. Andrews* of counsel), for appellant.

*Stiefel & Winans,* Catskill *(John W. Winans* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

In August 1991, defendant and her husband, Thomas C. Brower, Jr. (hereinafter decedent), entered into a separation agreement which provided, *inter alia,* for the distribution of their real and personal property. With regard to the only real property they owned, the marital residence, the agreement provided that defendant could occupy the property until April 1, 1992, when she was to vacate it, and the property was to be placed on the market for sale at a mutually agreeable price, with the proceeds of the sale to be divided equally between defendant and decedent. Defendant did not vacate the property on the prescribed date and the property has not been sold. In August 1994, while still married to defendant, decedent died.

After receiving letters testamentary, plaintiff commenced this action on behalf of decedent's estate seeking, *inter alia,* specific performance of the provision of the separation agreement concerning the marital residence. After defendant answered and the parties exchanged amended pleadings, defendant moved to dismiss the first two causes of action of the amended complaint. Plaintiff cross-moved for leave to serve a second amended complaint to add a cause of action to impose a constructive trust on the marital residence. Supreme Court denied defendant's motion and granted plaintiff's cross motion, resulting in this appeal by defendant.

Relying upon *Matter of Violi* (65 NY2d 392), defendant contends that decedent's estate has no interest in the marital residence and, therefore, has no basis to compel her to sell the

property and give one half of the proceeds of the sale to the estate. As long as the marriage remained legally intact, both defendant and decedent, as tenants by the entirety, continued to be seized of the whole, and decedent's death resulted in the defeasance of his coextensive interest in the property (*see, V.R.W., Inc. v Klein*, 68 NY2d 560, 564). In *Matter of Violi* (*supra*), the Court of Appeals held that a provision of a separation agreement, similar to the one at issue in this case, was insufficient in and of itself to alter the tenancy by the entirety which existed while the parties to the agreement remained married (*see, supra*, at 395; General Obligations Law § 3-309). One of the parties to the agreement in the *Violi* case died before the marriage was terminated and before the date fixed in the agreement for sale of the property. The deceased party's coextensive interest in the property held as tenants by the entirety was extinguished by her death, leaving the surviving party seized of the entire estate, "not because of any right of survivorship, but because that spouse remains seized of the whole" (*Matter of Violi, supra*, at 395). As he was seized of the whole estate upon the death of the deceased party, the surviving party in the *Violi* case was entitled to the proceeds of the subsequent sale of the property and the estate had no right to share in the proceeds (*supra*, at 396).

In contrast to *Matter of Violi* (*supra*), which was based upon the defeasance of the deceased spouse's interest in real property held as tenants by the entirety prior to her death, plaintiff herein seeks to assert a contract right that survived decedent's death. The date prescribed in the agreement for defendant to vacate the property so that it could be sold preceded decedent's death. When defendant failed to vacate the property on the prescribed date and make it ready for sale, as she agreed to do, she breached the agreement. Decedent clearly had the right to seek specific performance of the agreement at that time (*see, Dalpe v Dalpe*, 96 AD2d 621; *cf., Kaye v Kaye*, 203 AD2d 689), a contract right which survived decedent's death and can be enforced in an action maintained by plaintiff (*see*, EPTL 11-3.1; *see also, Weinstein v Hohenstein*, 69 NY2d 1017, 1019). That decedent's property interest was extinguished by his death does not, in our view, affect plaintiff's right to enforce decedent's separate and distinct contract right. Decedent's contract right was enforceable at the time of his death because the date prescribed for performance by the agreement preceded his death, and the contract right survived decedent's death.

We are also of the view that defendant's reliance on *Passmore v King* (186 AD2d 241, *lv dismissed* 81 NY2d 1007) is

misplaced. In *Passmore v King (supra)*, a separation agreement executed during a pending divorce action required the husband to convey his interest in the marital premises to the wife in return for the wife's payment of $58,000. Prior to the date prescribed for closing and prior to entry of a judgment of divorce, the husband died and his executor commenced an action to recover the $58,000 due pursuant to the separation agreement. The Second Department majority concluded that the separation agreement was not a contract separate and distinct from the divorce action, but was merely a vehicle for accomplishing equitable distribution within the context of the divorce action, which abated upon the husband's death.

Without expressing any opinion concerning the legal principle espoused by the majority in *Passmore v King (supra)*, we conclude that the facts of this case are readily distinguishable. There is no evidence in the record that the separation agreement herein was executed during a pending divorce action. It is clear from the agreement that the parties thereto intended it to be an independent contract, to be performed regardless of whether the parties ever actually terminated their marriage. Defendant has clearly benefited from a number of the distributions of personal property provided for in the agreement. We reject defendant's contention that because the agreement was intended to serve as an opting out agreement in the event of a divorce (*see*, Domestic Relations Law § 236 [B] [3]), any right decedent had to enforce the provisions of the agreement abated upon his death. Supreme Court correctly denied defendant's motion to dismiss.

We agree with defendant, however, that Supreme Court erred in granting plaintiff's cross motion for permission to serve an amended pleading to impose a constructive trust on the former marital residence. Immediately prior to decedent's death, he held legal title to the marital residence as a tenant by the entirety and he also had the entirely separate and distinct contractual right to enforce the provision of the separation agreement concerning the sale of the marital residence and distribution of the proceeds. Upon his death, decedent's interest in the marital residence was extinguished, and in the absence of any claim of defendant's wrongdoing in the event that resulted in the defeasance of decedent's interest, i.e., decedent's death, there is no basis to impose a constructive trust on the property (*see, Matter of Violi*, 65 NY2d 392, 397, *supra*).

That defendant may have breached the separation agreement does not provide a basis for imposing a constructive trust.

There was no transfer of the marital residence in reliance on the promises contained in the separation agreement (*see, Sangimino v Sangimino*, 176 AD2d 872, 873-874). Nor was there any promise by defendant, express or implied, that she would transfer all or any part of her interest in the marital residence to decedent (*see, Scivoletti v Marsala*, 61 NY2d 806, 808). Although decedent did transfer certain personal property pursuant to the separation agreement, plaintiff does not seek to recover the value of the property so transferred. Rather, plaintiff seeks to compel defendant to sell the former residence and give one half of the proceeds of the sale to decedent's estate. In short, plaintiff seeks to compel defendant to perform the contractual obligation which she owed decedent prior to decedent's death. Specific performance of the separation agreement provision is the appropriate remedy for the relief sought by plaintiff.

Mikoll, J. P., Crew III, White and Peters, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion; cross motion denied; and, as so modified, affirmed.