■ HARVEY ZUCKERMAN, Respondent, v MARJORIE ZUCKERMAN, Appellant. [826 NYS2d 207]—

Order, Supreme Court, New York County (Laura Drager, J.), entered March 22, 2005, which denied defendant's motion to vacate the judgment of divorce, to set aside the stipulation of settlement and for attorneys' fees, unanimously affirmed, without costs.

Even though plaintiff died prior to the entry of findings of fact and settlement of the judgment of divorce, the judgment was properly entered nunc pro tunc. The parties had already executed the stipulation settling all issues in the action, including the grounds for divorce and the distribution of assets. Plaintiff was entitled to entry of the judgment prior to his demise (*see Cornell v Cornell*, 7 NY2d 164, 169 [1959]; *Jayson v Jayson*, 54 AD2d 687 [1976]). He had substantially performed all the conditions of the stipulation, and fulfilled all his financial obligations. He had even paid the fee and cooperated fully with defendant's unfulfilled effort to obtain the *get* (religious divorce) that she desired.*

Defendant's assertion that plaintiff never served or filed the amended verified complaint he had already signed, nor withdrew the original complaint, as required by the stipulation, is of no moment. The sole purpose of such amended pleading was to change the grounds for divorce to constructive abandonment, which the findings of fact clearly accomplished. Defendant's

* The purpose of a *get* is to certify dissolution of the matrimonial bond, thus granting a woman religious sanction to marry another man.

counsel expressly approved the findings of fact and entry of the judgment of divorce despite these alleged failures, which, in any event, became immaterial upon entry of judgment. The stipulation of settlement, which set forth the amended grounds for divorce, was incorporated by reference, but not merged, in the divorce judgment. Even were we to find that the judgment was improperly entered, the language of the stipulation clearly established the parties' intention that this separate agreement should survive, regardless of whether or not the parties actually divorced (*see Brower v Brower*, 226 AD2d 92 [1997]).

We reject defendant's remaining arguments as without merit, including those based on her conclusory assertion of fraud. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.