[908 NYS2d 854]

Jose Rodriguez et al., as Administrators of the Estate of Janette Carlucci, Deceased, et al., Plaintiffs, v Irene Sepe, Defendant.

Supreme Court, Westchester County, October 1, 2010

## APPEARANCES OF COUNSEL

*Kitson & Kitson, LLP*, White Plains, for plaintiffs. *Buonamici & Laraus, LLP*, White Plains, for defendant. *The Sarcone Law Firm, PLLC*, White Plains, for Robert Sepe.

**OPINION OF THE COURT**

WILLIAM J. GIACOMO, J.

Plaintiffs' motion[1] seeks, inter alia, a declaration that they have superior rights to 100% of the shares of stock of The Very Best IRTJ Corp. owned by Robert Sepe and defendant's cross motion seeks a declaration that she has a superior right to one half of the proceeds of the sale of the stock of The Very Best IRTJ Corp.

Plaintiffs' motion is denied and defendant's cross motion is granted.

Factual and Procedural Background

Defendant Irene Sepe and her ex-husband Robert Sepe were divorced on July 16, 2007. As part of their divorce they entered into a stipulation of settlement. In the stipulation of settlement Robert Sepe acknowledged that he was 100% owner of the stock in The Very Best IRTJ Corp., whose principal asset is a commercial building located at 435 Yorktown Road, Croton-on-Hudson. Paragraph 12 (K) of the parties' stipulation of settlement reads as follows:

> "The HUSBAND warrants and represents that he is the owner of 100% of the outstanding shares of stock of The Very Best IRTJ Corp. whose principal asset is certain commercial real property known as 435 Yorktown road, Croton-on-Hudson, new York. Notwithstanding the foregoing, the parties agree that if and when the HUSBAND sells his shares in The Very Best IRTJ Corp or said corporation sells the above premises, then in either such event, unless such proceeds are used to purchase other commercial real property, the net proceeds from such sale (after payment of customary closing costs including but no[t] limited to broker's commission, attorney's fees, real property transfer taxes, recording fees, adjustments, as well as any corporate taxes, corporate dissolution fees, accounting fees and any and all other debts of the said corporation), shall be divided equally between the parties. In the event the proceeds from the sale of said real prop-

---

**1.** Plaintiffs' motion originally sought additional relief; however, pursuant to a stipulation of settlement dated March 19, 2010, the parties and Robert Sepe resolved those issues leaving the remaining issue of who has a superior right to one half of the shares of The Very Best IRTJ Corp. as the only issue before this court.

erty and/or stock is utilized to purchase commercial real property within two years from the date of sale of the above premises, then the WIFE shall not be entitled to receive any portion of the stock or the proceeds from the sale of such stock or said real property, i.e., 435 Yorktown Road, Croton-on-Hudson, New York and the terms of this paragraph shall apply to the replacement commercial real property. In the event the HUSBAND shall die, and at the time of his death, he still owns stock in said corporate entity, then the HUSBAND agrees that his estate shall transfer said shares of stock to such of the parties children as HUSBAND may set forth in his Last Will and Testament, or in the event the HUSBAND has not executed such Last Will and Testament, then by intestacy to the parties' children and in such event the WIFE shall not be entitled to receive any portion of the stock or the proceeds from the sale of stock by said Child(ren) or the proceeds from the sale of the real property owned by said corporation."

On March 22, 2008, Robert Sepe killed his girlfriend Janette Carlucci. On July 21, 2009, Robert Sepe was sentenced to 25 years to life for that murder.

On October 17, 2008, plaintiffs, Janette Carlucci's heirs, commenced an action (action No. 1) against Robert Sepe seeking damages for, inter alia, Janette Carlucci's wrongful death. On October 26, 2009, this court granted plaintiffs' motion for partial summary judgment on the issue of liability against Robert Sepe in this wrongful death action.

On October 20, 2009, Irene Sepe commenced her own action (action No. 2) against Robert Sepe seeking to accelerate the equitable distribution payments of $6,250 per month for the period January 2007 to June 2015 which Robert agreed to pay her in connection with the equitable distribution of assets at the time of their divorce. On October 22, 2009, Irene and Robert entered into a stipulation wherein Robert agreed that the amount owed to Irene for equitable distribution as of that date was $336,625 and was payable immediately. Robert also agreed that he owed Irene arrearage of maintenance, child support and college-related expenses. Robert then executed a confession of judgment to her in the total amount of $374,592.51. On February 19, 2010, Irene Sepe filed that judgment with the Clerk of the County of Westchester.

On February 11, 2010, plaintiffs commenced this action (action No. 3) against Irene Sepe seeking, inter alia, a declaration that they have a superior right to Robert Sepe's interest in The Very Best IRTJ Corp. The estimated value of The Very Best IRTJ Corp. is $2.68 million.

On or about March 19, 2010, plaintiffs, Robert Sepe and Irene Sepe entered into a stipulation of settlement with respect to action No. 1, action No. 2 and action No. 3. Pursuant to the relevant terms of this stipulation of settlement, Robert Sepe agreed to confess a judgment in the amount of $8 million in favor of plaintiffs in settlement of action No. 1. The net proceeds from the sale of Robert Sepe's home, to wit, $699,106.23, was then released to plaintiffs in partial satisfaction of the $8 million judgment. Plaintiffs agreed to discontinue action No. 1.

With respect to action No. 2, Robert Sepe agreed to liquidate his retirement account at Fidelity which had a balance of $413,702.33. Upon liquidation, Irene was to receive the full proceeds in satisfaction of her judgment, less $60,000 to be paid to Robert Sepe's attorneys for legal fees. Robert also agreed to transfer to Irene his 50% ownership in Healthy 'N Fit International, Inc.,[2] making Irene the 100% owner of that corporation. Irene Sepe agreed that the receipt of the net proceeds of the liquidated Fidelity account and the transfer of Robert's 50% interest in Healthy 'N Fit International, Inc. satisfied her $374,592.51 judgment. Consequently, Irene agreed to discontinue action No. 2.

All parties agreed that action No. 3 would proceed and that the remaining issue between the parties is whether Irene Sepe has an interest in The Very Best IRTJ Corp. The parties agreed to transfer the share certificates of The Very Best IRTJ Corp. to plaintiffs' attorney to be held in escrow pending this court's determination of the issue. It was agreed that the plaintiffs would not enforce their $8 million judgment and Irene would not enforce her judgment of divorce until the court issues its decision. The parties also agreed that if this court determines that Irene has an interest in The Very Best IRTJ Corp., the corporation will be sold privately at fair market value. The parties further agreed that if this court finds that Irene has no interest in The Very Best IRTJ Corp., the shares of the corporation are to be transferred to plaintiffs' attorney to allow him to execute

---

**2.** As discussed infra, Healthy 'N Fit International, Inc., is a wholesale vitamin company started by Irene and Robert.

and levy upon Robert's 100% interest in The Very Best IRTJ Corp.

## Plaintiffs' Motion and Irene Sepe's Cross Motion

Plaintiffs seek a declaration that Irene Sepe has no interest in The Very Best IRTJ Corp. Plaintiffs argue that, pursuant to Robert and Irene's judgment of divorce, Irene merely had a contingent, unsecured interest in 50% of the proceeds of any sale of The Very Best IRTJ Corp. This interest, however, was extinguished by the $8 million judgment Robert Sepe confessed to them in March 2010.

Irene Sepe cross-moves for a declaration that she has a superior interest in one half of the proceeds of the sale of The Very Best IRTJ Corp. In her motion, Irene Sepe argues that this case is merely a battle between judgment creditors. She asserts that her interest in The Very Best IRTJ Corp. predates that of plaintiffs' since her interest emanates from her judgment of divorce dated July 12, 2007 filed in the County Clerk's office on July 16, 2007.

Irene Sepe asserts that she was married to Robert Sepe for over 20 years during which time they worked together to create a business known as Healthy 'N Fit International, Inc., a wholesale vitamin company. In 1996, they decided to build an office/warehouse to operate Healthy 'N Fit International, Inc. A large warehouse was necessary to store the vitamins. To do this, they created The Very Best IRTJ Corp.[3] which purchased the land and built the warehouse at 435 Yorktown Road, Croton-on-Hudson. Irene argues that although Robert was the sole shareholder of The Very Best IRTJ Corp., it was a marital asset owned by both of them. According to Irene, the land was purchased and warehouse built with joint assets. In support of this, Irene Sepe submits evidence which documents payments of over $1 million from either her own assets or joint assets in The Very Best IRTJ Corp.

Irene Sepe argues that the express language of the stipulation of settlement, incorporated but not merged into the judgment of divorce, clearly establishes that when the shares of The Very Best IRTJ Corp. are sold she is entitled to 50% of the net proceeds. She contends that her interest is not contingent but an absolute right to the proceeds upon the sale of the property.

---

**3.** In the name The Very Best IRTJ Corp., the "IRTJ" represents the first name initials of Irene Sepe and the three children, Robert, Tina, and Joseph, born to Irene and Robert during their marriage.

Thus, since it is agreed that the shares are to be sold, she is entitled to one half of the proceeds of that sale. She argues that to the extent her interest may be contingent that contingency has occurred.

Irene Sepe also contends that her interest is essentially being held for her by Robert Sepe via a constructive trust the same way a bank account can be held in trust for another. She argues that, contrary to plaintiffs' position, the judgment of divorce does not require that the sale of the stock be voluntary before her interest arises; thus, any sale of the shares of The Very Best IRTJ Corp. triggers her right to one half of the proceeds.

Finally, Irene Sepe notes that the land and warehouse owned by The Very Best IRTJ Corp., estimated at $2.68 million, is the most valuable asset held by Robert Sepe. She claims that the $699,106.23 from the sale of Robert Sepe's house released to plaintiffs together with one half of the value of The Very Best IRTJ Corp. will give plaintiffs $2,039,106.23 toward satisfying their $8 million judgment against Robert Sepe.

In opposition to the cross motion, plaintiffs argue that Irene has no present right to the shares of The Very Best IRTJ Corp.— rather only a contingent interest. Plaintiffs claim that if Irene and Robert had intended Irene Sepe to be a 50% owner of The Very Best IRTJ Corp., they would have transferred 50% of the shares to her as part of the divorce settlement. They did not. Therefore, she cannot claim to be a 50% present interest holder. Further, plaintiffs note that the stipulation of settlement does not secure Irene Sepe's interest in The Very Best IRTJ Corp. in any way. They claim that Irene only has a contractual right to one half of the net proceeds upon a sale of the corporation, she does not have a judgment or lien on the stock. Plaintiffs argue that the judgment of divorce did not give Irene Sepe any interest in The Very Best IRTJ Corp.

In reply, Irene Sepe claims that all of plaintiffs' contentions do not address the fact that she has a prior judgment via her judgment of divorce. Since the judgment of divorce provides that upon the sale of The Very Best IRTJ Corp., she is entitled to 50% of the proceeds of sale, her rights are superior to those of plaintiffs.

Discussion

The facts in this case are not in dispute. The plaintiffs and Irene Sepe, as well as Irene Sepe's children, are all victims forced to deal with the aftermath of the horrendous actions of

Robert Sepe. This court has tremendous sympathy for all the parties to this litigation.

The issue to be resolved is whether Irene Sepe has superior rights to one half of the proceeds of the sale of The Very Best IRTJ Corp. pursuant to the judgment of divorce. The court holds that she does.

On July 16, 2007, a judgment of divorce was entered in Westchester County dissolving the marriage of Irene and Robert Sepe. That judgment gave Irene a 50% interest in the net proceeds of the sale of the shares of The Very Best IRTJ Corp. Whether the rights of the judgment are present or contingent is not an issue; the shares are now to be sold. Thus, to the extent Irene's rights under the judgment may have been contingent they are now present. Nothing has happened since July 16, 2007 to extinguish Irene Sepe's interest in 50% of the net proceeds of the sale of the shares of The Very Best IRTJ Corp. if sold.

Plaintiffs' argument that they are essentially owners of all the shares of The Very Best IRTJ Corp. is rejected. The court finds that plaintiffs are judgment creditors holding judgment against Robert Sepe for $8 million. As judgment creditors they have the power to attach this asset, levy or execute upon it, and sell it at a public auction. Plaintiffs have the right to bid at the sale, and if they are successful bidders, plaintiffs may become owners.

It is undisputed that the terms of the July 16, 2007 judgment of divorce provide that Irene Sepe is entitled to one half of the net proceeds of the shares of The Very Best IRTJ Corp. upon their "sale." While it is true that the sale has not yet taken place, there is no dispute that the shares will be sold. Therefore, Irene Sepe has an equitable interest in the sale. (*See McDermott v McDermott*, 119 AD2d 370, 379 [2d Dept 1986] ["That interest, unenforceable and unallocated as it may have been prior to the divorce action, constituted the seed from which an inchoate interest in the pension emerged as a marital asset when the divorce action began and matured into a true ownership interest when the equitable distribution judgment terminated the action" (citation omitted)]; *Zettwoch v Zettwoch*, 20 Misc 3d 1103[A], 2008 NY Slip Op 51204[U] [Sup Ct, Orange County 2008].)

Contrary to the parties' argument, this is not a battle of the judgment creditors. The court holds that Irene Sepe has rights superior to those of plaintiffs in 50% of the proceeds of the sale

of The Very Best IRTJ Corp. Therefore, any levy or execution by plaintiffs against Robert's interest in The Very Best IRTJ Corp. is subject to the interest of Irene Sepe.

The court finds the decision in *McDermott v McDermott* (119 AD2d 370 [1986]) is on point. In *McDermott*, the Second Department affirmed the lower court's decision which awarded wife a one-half interest in husband's pension and to insure her ability to receive that interest, restricted the husband's choice among the payment options to permit wife to share in the payments as made and in any further distribution after the husband's death.

Here, although the asset is different from that in *McDermott*, the analysis is the same. In *McDermott*, the Second Department reasoned that the wife began acquiring an interest in her husband's pension from the moment he entered the plan. The Second Department stated that

> "[t]hat interest, unenforceable and unallocated as it may have been prior to the divorce action, constituted the seed from which an inchoate interest in the pension emerged as a marital asset when the divorce action began and matured into a true ownership interest when the equitable distribution judgment terminated the action." (119 AD2d at 379 [citation omitted].)

The fact that the pension was payable only upon the husband's retirement did not change wife's entitlement to her share of the pension. The Second Department, in affirming the lower court's decision to restrict the husband's choice of payout options for the pension, stated "[t]he court that awarded the wife a one-half ownership in the pension contract originally entered into between the husband and the fund possessed the power to take appropriate measures to prevent the award from becoming an illusion." (119 AD2d at 379-380.)

Here, Irene's right to 50% of the proceeds of the sale of the shares of The Very Best IRTJ Corp. may have been inchoate during the divorce, but that right matured upon the filing of the judgment of divorce. The fact that her right is triggered by the sale of the shares does not render the right contingent or executory. It is an absolute right. Just like the wife in *McDermott*, who had no control over when her husband retired or died, Irene has no control over whether Robert sold the shares. Nevertheless, upon the sale of the shares, her right to one half of the proceeds is absolute. Further, even if the shares were not sold during Robert's life, he was bound by the judgment of

divorce to leave them to the children of the marriage. Thus, at least 50% of the shares of The Very Best IRTJ Corp. were encumbered upon the filing of the judgment of divorce regardless of whether title to those shares remained with Robert Sepe. As the *McDermott* Court noted, to hold otherwise renders that provision of the judgment of divorce "an illusion." (119 AD2d at 380.)

Likewise, in *Zettwoch v Zettwoch* (20 Misc 3d 1103[A], 2008 NY Slip Op 51204[U] [2008]), this court held that the fact that a QDRO had not yet been filed did not negate the fact that the wife still had an equitable interest/separate property interest in the retirement fund. The equitable interest was granted by the divorce decree. The wife's interest in the husband's retirement fund immediately vested in the wife upon the issuance of the divorce judgment and thus could not be included as "property of the estate" in the husband's bankruptcy case. (2008 NY Slip Op 51204[U], *1.) Here, Irene's absolute right to 50% of the proceeds of the sale of the shares of the corporation vested upon the issuance of the judgment of divorce and, as this court held in *Zettwoch*, her share of the proceeds cannot be considered as part of Robert Sepe's property for the purposes of satisfying plaintiffs' judgment against him.

The cases relied upon by plaintiffs to support their position do not warrant a different result. Notably, in *Darling v Darling* (22 Misc 3d 343 [Sup Ct, Kings County 2008]), a judgment against the husband was entered in 1995, after the parties' separation in 1985, but prior to the parties' divorce in 2002. In the parties' judgment of divorce, the husband was supposed to transfer all his interest in the co-op to the wife. In 2006, the 1995 judgment holder served a restraining notice upon the co-op board for the shares of the co-op owned by the Darlings. Thereafter, when the parties attempted to transfer ownership of the co-op to the wife, the co-op board refused to approve the transfer because of the 2006 restraining notice. The wife then brought an action seeking a declaration that she was the owner of all of the shares of the co-op. The Supreme Court (Jack M. Battaglia, J.) held that the co-op shares were not subject to the levy pursuant to the 2006 restraining notice since the judgment of divorce constituted a conveyance of the shares as of the date it was entered. Thus, *Darling* stands for the proposition, argued by Irene Sepe, that the judgment of divorce gave Irene Sepe a present right in 50% of the shares of The Very Best IRTJ Corp. at the time it was entered in 2007.

In *Matter of Violi* (65 NY2d 392 [1985]), the parties entered into a separation agreement which provided that the marital residence they owned as tenants by the entirety would, within four years, be sold at the prevailing market price, and the proceeds divided between them. Before termination of the marriage, and before any sale, the wife died. The wife's estate sought her share of the proceeds of the sale of the home. The Court of Appeals found that since there was no judgment of divorce, the property held as a tenancy by the entirety had not been converted into a tenancy in common; therefore, the wife's estate was not entitled to any proceeds of the sale of the house.

Conversely, in this case there is a judgment of divorce. This judgment transferred an interest to Irene Sepe in the shares of The Very Best IRTJ Corp. It was a conveyance of an inchoate right. That right matures when the shares of stock are sold.

Finally, it is not clear how *Brower v Brower* (226 AD2d 92 [3d Dept 1997]) supports plaintiffs' contentions, as the *Brower* husband and wife were not divorced prior to the wife's death and the Court was interpreting the provisions of their separation agreement. In fact, in *Brower* it was clear that the parties were not contemplating divorce when they entered into the separation agreement. That is not case here.

## Summary

Based upon the foregoing, the court finds that Irene Sepe has a one-half interest in the net proceeds of the sale of the shares of The Very Best IRTJ Corp. This interest was created by the judgment of divorce entered prior to plaintiffs' judgment against Robert Sepe. Accordingly, upon the sale of the shares of The Very Best IRTJ Corp., Irene Sepe shall receive her one-half share of the net proceeds to be distributed in accordance with paragraph 8 (g) of the stipulation of settlement dated March 19, 2010.

Plaintiffs' motion is denied and Irene Sepe's motion is granted.